Henry K. Hayes, administrator c. t. a., of John Hayes, deceased,

*vs.*

John Hayes.

*New Castle, Feb. T.* 1859.

A legacy, presently payable, cannot be set off in equity against a debt of the legatee to the estate, not yet due.

Equity will not interfere to restrain the recovery at law of a legacy, on the ground that the legatee is indebted in a bond to the testator payable at a future day.

Equity will not interfere to restrain the legatee from an action at law for the legacy, on the ground that he is in contempt for not performing a decree made in another suit for the execution of a new bond, in lieu of the original one given to the testator and since lost.

A decree against the legatee for costs in the suit to enforce the execution of a new bond, is no ground for an injunction to restrain an action at law for the legacy, since such costs could be set off in the action at law.

Bill in equity, filed under the circumstances following :—

The defendant, John Hayes, was indebted to his father,

John Hayes, now deceased, in his lifetime, in a judgment bond for the real debt of $1500.00, dated April 24th, 1854, payable at the expiration of ten years; the bond being executed as the consideration for certain real estate conveyed by John Hayes, the father, to the defendant. John Hayes, the father, by his last will, after making provision for his widow, devised all the residue of his estate, real and personal, to be equally divided between his ten children, including the defendant. The complainant, as administrator c. t. a., of the testator, passed, on the 19th of January, 1856, an administration account, showing a balance in his hands of $5700.43, distributable under the residuary clause of the will. The administrator refusing to pay the defendant his share of the residuary fund, the latter brought an action at law for such share on the administrator's official bond. This bill was filed for an injunction to restrain the action at law.

The bill claimed for the administrator the right by way of equitable set off, to retain the defendant's legacy, and to apply the same as a credit upon the debt due from the defendant to the testator's estate.

The bill further alleged as an equitable defence against the action at law that the bond given by the defendant to the testator could not be found by the administrator after the testator's death, the same having been mislaid, lost or destroyed; that the administrator had, thereupon, filed a bill in equity against the defendant for a decree to compel him to execute a new bond in lieu of the original one so mislaid, lost or destroyed; and that a decree to that effect had been made by the Chancellor, on the 17th of February, 1857—also that the defendant should pay the costs in the suit in equity; that the defendant had never executed a new bond, pursuant to the decree of the Chancellor, although requested so to do; that an attachment for the non-performance of said decree had been issued

and returned *non est;* that the defendant then was, and still is, a non-resident of this State, and cannot be reached by the process of its courts. The bill further alleged that the defendant had sold and conveyed away the real estate for the purchase of which the bond in question was given.

The complainant insisted that the debt secured by the lost bond being part of the testator's assets, the defendant was in equity bound to make the estate secure by executing a new bond, in performance of the decree of the Chancellor, before being permitted to recover his share of the estate, that being not a debt of the estate but a gift from the testator. *Prayer*, for an injunction, and that the defendant be compelled to come to a settlement with the complainant, as administrator, and release or assign to him the defendant's share of the residuary estate of the testator; that so much of it as might be necessary be allowed to the complainant for his costs in the suit in equity, and that the residue be applied as a credit against the debt due from the defendant to the testator's estate.

To this bill the defendant demurred; and the cause came before the Chancellor, at the Feb. T. 1859, for a hearing upon the demurrer.

*G. B. Rodney*, for the complainant.

The demurrer is an admission of all matters well pleaded in the bill; and if any part the bill shows an equity the demurrer fails. Now, the bill charges that by the Chancellor's decree for the execution of a new bond by the defendant he was bound for costs. These become a debt presently due, and yet it was not a defence at law against the suit for the legacy. This, at least, is a ground for equitable relief. But, upon the main question, the equity of the complainant is clear. The legacy was a *gift* from the testator, and must be taken to have been made on this equitable condition, that the bond should be paid out of

it.   It is not like the case of a distributive share of an intestate estate, to which there is a legal right under the Statute of Distributions.   It is true, that the bond is not yet due; but it is none the less a debt, only that it cannot be recovered at law.   In *Jeffs. vs. Wood*, 2 *P. Wm's.* 128, in a case where a legacy had been given to the testator's debtor, the Court held it to be "very just and equitable for the executor to say that the legatee has so much of the assets already in his hands, and consequently is satisfied *pro tanto.*"   That was a case arising under the bankrupt laws, under which mutual credits are set off.   Though our Statute of set off refers only to debts, equity adopts the principles of the statutes of bankruptcy in setting off credits.   2 *Kent Com.* 473, (*n*) ; *Pothier on Oblig.*, 117, 118. The complainant's equity is strengthened by the consideration that the defendant is a non-resident of this State and is insolvent, and that there is likely to be no remedy for the recovery of the debt when it becomes due.

A further ground of equity, disclosed by the bill, is that the defendant is in contempt of this Court in not performing the decree for the execution of a new bond; and while in such contempt he should not be allowed the process of our courts for the recovery of this legacy.

*D. M. Bates*, for the defendant.

The bill, in seeking equitably to set off the legacy, now payable, against a debt to the estate not yet due, attempts to vary the contract of the parties as to the time for payment of the bond.   Its effect is also to delay the payment of a legacy now payable by law.   The question is, not whether a debt not yet due is *a debt;* but whether such a debt can be set off.   A debt not due would receive its distributive share in bankruptcy; but it does not follow that a creditor may *sue* before the debt is due, or, what is of the same effect, that he may enforce its payment by way

of set off before it is due. The question of set off is set-
tled. by our Statute which gives the right to set off only
mutual debts, " due at the time of action brought," &c.
*Rev. Code,* 380. Both demands are *legal* rights—the
legacy and the bond ; and are governed by the Statute. It
is not a case of *equitable* set off, existing only in a court of
equity, and with which that Court may deal, irrespective
of the Statute. The defence would be a defence at law, if
due; and is a defence nowhere until due.

The other ground of equity seeks, by injunction in this
suit, to restrain the recovery of the legacy until the de-
fendant performs a decree in another suit. This is a new
and an indirect mode of enforcing decrees. This Court
can employ no means of enforcing its decrees other than
those provided by law. The bond and the legacy are to-
tally distinct subjects; and the Chancellor could, with the
same power here invoked, restrain a defendant, who is in
contempt in a cause before him, from suing at all in a
court of law, and so indirectly outlaw him. Our laws and
practice know no such power.

As to the costs in the former suit, the administrator
could have set them off in the suit at law for the legacy ;
for they were a debt due to the estate.

HARRINGTON, CHANCELLOR.—The question presented is,
whether there is any equitable power to prevent a party
from collecting, at law, a debt due him because he owes to
the defendant a debt not due, and which the defendant
may not be able to collect when it is due, if this fund is
not stayed in his hands.

There is another question, growing out of the loss of
the evidence of the debt, and proceedings in this Court to
supply that evidence ; the defendant being in contempt for
not re-executing a bond, according to the decree of this
Court, and also for non-payment of costs incurred in that

proceeding. It was also argued that the costs are a debt now due to the complainant, which *pro tanto* should prevent or stay proceedings at law against him for the legacy.

Both points involve the question of set off; the former of a debt not due, the latter of a debt due, if the costs have been paid by complainant; but which; in that case, the defendant contends would be a set off at law; and that, therefore, it is no ground of injunction here.

In *Jeffs. vs. Wood, et al*, the Master of the Rolls, while owning that it was against conscience that A. should be demanding a debt against B. to whom he is indebted in a larger sum and would avoid paying it, expresses merely a doubt whether an insolvent person may, in equity, recover against his debtor, to whom he, at the same time, owes a greater sum; but there is no necessity to go the length of establishing, as a principle of equity, that chancery will arrest proceedings at law for the recovery of a debt due and recoverable there on the ground that the plaintiff owes the defendant a sum not yet due, the payment of which he may evade, if permitted to recover in his suit at law. The law of set off as applicable to such demands is in this respect the same in both courts. Applied to such a case, it would be to anticipate the payment of a debt not due and to prevent the collection of a debt which by the contract of the parties is due and collectible. If there could be any question of this equity, where the aid of a court of equity is asked to enforce the demand, I think there is none to justify one in enjoining proceedings at law, either on the ground of equitable set off or as a means of enforcing obedience to a former decree of the Court in reference to costs. I do not doubt that these costs, if paid by this complainant, would be a set off at law to an action for the distributive share of the defendant, who by the Chancellor's decree is made responsible for them.

Demurrer allowed, injunction dissolved and bill dismissed with costs.

Decree affirmed by the Court of Errors and Appeals at the June T. 1859.   The case on appeal is not reported.