## CASE v. MAXEY.

It is no defence to a note, given by one partner to the other, for his interest in land held jointly by both, that the payee of the note had deceived his partner, the maker, in the division of partnership stock, and was indebted therefor in an amount equal to, or greater than, the sum due on the note.

As such a division has nothing to do with the consideration of the note, it cannot be set up as a counter claim or defence to the action on the note.

If the defendant has been deceived in the division of the stock, he should file his bill for a discovery and account.

When such a defence was set up in the answer in an action on the note, *Held* that all of the answer, except that portion admitting the execution of the note and denying the indebtedness, was properly stricken out.

APPEAL from the District Court of the Seventh Judicial District, County of Contra Costa.

Action on a promissory note. The defendant's answer, filed May 5th, 1854, admits the execution of the note, and avers that it was given for the plaintiff's interest in land held jointly by the parties; it also avers that plaintiff and defendant were jointly interested in cattle purchased by them as partners and brought across the plains by plaintiff; that plaintiff had deceived defendant and pretended that one half of the cattle brought across by him belonged to other parties, and in the division of the stock had taken away three-quarters of them, whereas one-half belonged in fact to defendant; and denies any indebtedness, and prays for an account, etc.

On motion of plaintiff, all the answer, except that portion admitting the execution of the note and denying the indebtedness, was stricken out. Judgment was rendered for plaintiff for the amount due on the note. Defendant appealed.

*John Currey* for Appellant.

The answer of the defendant contained a statement of new matter constituting a defence and counter-claim within the purview of §§ 46 and 47 of the Practice Act; and it was error to strike out the answer, and as a consequence, the case established, entitling the defendant to the relief by him sought. See Prac. Act, §§ 46, 47; New York Code, §§ 149, 150; Silliman v. Eddy, 8 How. Pr. R., 122; Van Sanford's Pleadings, 298, 301; Dewey v. Hoag, 15 Barb. R., 365; Haine v. Baker, 1 Selden's R., 357; Hunt v. Farmers' Loan and Trust Co., 8 How. P. R., 418; Dobson v. Pearce, 1 Abbot's R., 103; same case, 2 Kernan's R.; N. Y. Code, §§ 69, 150, 274; Prac. Act, §§ 1, 49, 145; Willard's Eq. Ju., 354, 355; 1 Whit. Prac. and Plead., 506; Gage v.

Angell, 8 How. Pr. R., 335, 337; 1 Story's Eq. Ju., § 662 *et seq.*; Story on Partnership, §§ 2, 3, 5, 6; Baxter *v.* Hozier, 5 Bing. R., 288, (35 Eng. Com. Law R., 115,); Black.'s Com., (Chitty's,) vol. 2, p. 132; Prac. Act, §§ 175, 176; 2 Green.'s Ev., § 642; Thayer *v.* White, 3 Cal. R., 228; Truly *v.* Manser, 5 How. U. S. Sup. R., 141.

I desire to call the particular attention of the Court to the fact that the complaint was filed on the 25th of April, 1854, and that the answer was filed May 5, 1854. This was before the word " counter-claim " was omitted by the amendment of the Act in 1854.

*H. Mills and H. Allen* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The order of the Court below striking out a portion of the answer was proper, as it was no defence to the action.

It is not alleged that the note sued upon was given in payment for a division of the cattle; on the contrary, it appears that it was given for the defendant's interest in the ranch and money expended in bringing the cattle across the plains.

If the plaintiff has been deceived in the division of the stock, as he alleges, he should file his bill for a discovery and account; but as such division had nothing to do with the consideration of the note sued on, it cannot be set up as a counter claim, or equitable defence to this action.

When this case was here before, this point was not made, and the judgment was reversed on account of the insufficiency of the referee's report.

Judgment affirmed.