| 29  | 437 |
|-----|-----|
| 114 | 399 |

# LEONIDAS HASKELL *v.* GEORGE H. MOORE AND FRANCIS B. FOLGER.

COMPLAINT.—If a complaint contains more than one count, and one of the counts does not state a cause of action, the answer need not deny the allegations of such count, and objections may be made to it for the first time in the Supreme Court.

CONSTRUCTION OF COVENANT TO INDEMNIFY.—Where plaintiff and defendants had been engaged in purchasing and exporting merchandise on their joint account up to a certain time, and the defendants then withdrew from the business, and plaintiff carried it on on his own account for a time, and then the parties entered into an agreement to carry on the business together, and defendants covenanted to indemnify plaintiff against all liabilities connected with the business in which the parties had before been engaged *; held,* that the covenant did not apply to the liabilities incurred by plaintiff while he carried on the business on his own account.

PARTNERSHIP ACCOUNTS. — In an action at law to recover damages for failure to comply with a covenant to indemnify plaintiff against liabilities, the defendant cannot set up, as a counter claim, demands which were matters of partnership between the parties.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiff appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*Brooks & Whitney,* for Appellant.

" If parties enter into a contract for partnership, and the evidence shows that they afterward do business in accordance with the terms of such contract, they are partners in that business," and to support this position see *Owen* v. *Van Uster,* 1 Eng. Law and Eq. R. 396 ; *Taylor* v. *Taylor,* 2 Murph. 70 ; *Williams* v. *Jones,* 5 B. & C. 110 ; *Aspinwall* v. *Williams,* 1 Ham. 84 ; *Austin* v. *Williams,* 2 Ham. 64 ; *Crary* v. *Williams,* 2 Ham. 65 ; *Dix* v. *Otis,* 5 Pick. 39 ; *Walden* v. *Sherburne,* 15 Johns. 409 ; *Goddard* v. *Pratt,* 16 Pick. 412 ; *Wright* v. *Hooker,* 10 N. Y. 6 Seld. 51 ; *Murray* v. *Johnson,* 1 Head. 353 ; *Avery* v. *Lauve,* 1 La. An. 457.

*John Reynolds,* for Respondent.

By the Court, CURREY, C. J.

This case has once been passed upon and the judgment affirmed by this Court, but upon a petition for a rehearing the judgment of affirmance was set aside. Since then the case has been elaborately reargued by counsel on behalf of the plaintiff. All the questions involved in the case have, we believe, received that careful attention and consideration by the Court which a case of its merits justly demands. We say this, because counsel have more than intimated that in this respect we were derelict of duty in our former examination and disposition of the case. Regarding the first count in the complaint as stating a cause of action against the defendants— Moore & Folger—we examined and passed upon the case as we supposed upon its merits, and are satisfied that we came to the only conclusion, so far as the plaintiff's right to recover is in question, that could be arrived at in conformity to the law and evidence.

*Answer when complaint contains no cause of action.*

The plaintiff claims that he is entitled to a reversal of the judgment of the District Court, and a final judgment in his favor in this Court on the ground that the answer does not deny the allegations of the first count of the complaint— " always provided," say his counsel, " that we have set out a good cause of action in the complaint." It is not insisted that the answer does not traverse the allegations of the second count of the complaint, which is in the form of a common count for money by the plaintiff paid, laid out and expended to and for the use of the defendants, and at their instance and request. We are of opinion that every allegation of the complaint intended to be controverted is sufficiently denied. But whether the first count of the complaint is well controverted or not is immaterial, for we are of the opinion it does not set forth any cause of action against the defendants. It seems to have been objected to on this ground in the Court below, by demurrer, which was overruled. This we infer from what the

plaintiff's counsel say in argument, but whether it was or not the objection is made in this Court on the part of the defendant, and we are not at liberty to disregard its consideration.

### Construction of covenant to indemnify.

This action was brought against Moore & Folger, partners in business, after which Folger died, and the action since then has proceeded against Moore as the sole defendant. By the complaint it appears that from some time in the year 1855, up to the 3d of November, 1857, the plaintiff and defendants were engaged in business in San Francisco, in purchasing in California and elsewhere on the Pacific coast, merchandise, principally hides and wool, and exporting the same from the Port of San Francisco to other ports for sale. That they carried on said business for their joint account and profit, and at their joint risk, until the 3d of November, 1857, at which time the defendants were compelled, by pecuniary embarrassments, to suspend their business, and the said joint business was discontinued, and from that day until the 28th of October, 1858, the plaintiff " continued the said business and carried it on on his own account and in his own name, and in the same manner it had before been carried on on the joint account of plaintiff and defendants, in the name of defendants, and with the same implements, agents and machinery." The plaintiff then alleges that at the last mentioned date he had shipped to New York and elsewhere, principally by vessels put up by the defendants as general freighters, a large amount of merchandise, principally hides and wool, on consignments for sale, from which he had not received any return, or only partial returns or accounts of sale ; some of which merchandise was then upon the defendants' ships on the high seas, and some on the defendants' ship Peruvian, lying in the Port of San Francisco, destined for the Port of New York ; and the plaintiff then alleges that on that day he " was bound and liable for liabilities connected with and growing out of said exporting and importing business up to the sailing of the said ship Peruvian, in the sum of seventy-three thousand nine hundred and

ninety-nine dollars, bearing interest at different rates, from two to three per cent per month," and that on that day the plaintiff and defendants entered into an agreement in writing, under their hands and seals, which is set forth in the complaint, by which they agreed with each other " to carry on the hide and wool business and other merchandising, exporting and shipping business together, at the City of San Francisco, for the term and period of five years from date." The third article of this agreement is in the words and figures following : " The said Haskell is to be fully indemnified by the said Moore & Folger against all liabilities of every kind connected with the exporting and importing business in which the parties hereunto may have been engaged prior to November 1st, 1857, and up to the date of the sailing of the ship Peruvian from the Port of San Francisco, where she is now being loaded, and all the profits of said exporting to belong to said Moore & Folger up to the same date." The plaintiff avers in general terms that he has performed and fulfilled all the covenants, promises and agreements contained in the agreement on his part to be kept, performed and fulfilled. Following this, it is alleged in the complaint : " Yet the said defendants, not regarding their said contract and undertaking, have failed to keep and have broken the same, in that they, the said defendants, have not indemnified the said plaintiff against all or any of the liabilities connected with the exporting and importing business referred to in the third article of the said contract, and which had lawfully accrued against said plaintiff, or for which he had fully become liable in said business prior to the sailing of the ship Peruvian from the Port of San Francisco next ensuing the date of said contract; that the said plaintiff remained and was liable and bound to pay, all and singular, the said indebtedness of seventy-three thousand nine hundred and ninety-nine dollars, with interest as aforesaid, and still is bound to pay the same, except so much thereof as he has paid out of his own funds and estate, to his great damage, to wit : to his damage one hundred thousand dollars ; therefore he brings suit."

The liabilities mentioned in the complaint as connected with

and growing out of the exporting and importing business for which the plaintiff was bound and liable, were debts bearing interest which had lawfully accrued against him, or for which he had fully become liable in said business prior to the sailing of the ship Peruvian.   Here two questions are presented for consideration : First—Was the aggregate liability or "indebtedness" of seventy-three thousand nine hundred and ninety-nine dollars the joint liability or indebtedness of the plaintiff and defendants, or the individual liability or indebtedness of the plaintiff?   Second—If the same was the individual liability or indebtedness of the plaintiff, then were the defendants bound by their covenant to indemnify the plaintiff against the same ?

We shall consider these questions together.   The plaintiff alleges in his complaint that the business in which the parties were jointly engaged prior to the 3d of November, 1857, was discontinued on that day, and that from that time until the 28th of October, 1858, the date of the contract, the plaintiff continued the business, and carried it on on his own account and in his own name; and he also alleges that the liabilities mentioned and on which he founds the breach of the contract on the part of defendants, had accrued, not against the plaintiff and defendants jointly, but against the plaintiff in said business. We have here the plaintiff's construction as to the kind of liabilities to which the defendants' covenant applied.   He, in effect, claims that the covenant was to indemnify him against liabilities connected with the exporting and importing business, which had accrued against him individually while he was carrying on the business on his own account in his own name. By reference to the covenant, the liabilities therein mentioned are limited to those connected with the exporting and importing business in which the parties—the plaintiff and Moore & Folger—had been engaged.   After having considered and weighed all that has been said on the subject on behalf of plaintiff, our judgment is that the defendants' covenant had reference only to the joint liabilities of the parties, or, in other

56

words, to the liabilities connected with the exporting and importing business in which the parties were engaged prior to the sailing of the ship Peruvian ; and that the liabilities of the plaintiff which are mentioned in the complaint were his individual liabilities ; and that the breach alleged is in fact no breach of the covenant to indemnify him against all liabilities mentioned in the third article of the contract ; and, therefore, it must be held that the first count of the complaint states no cause of action against the defendants.

The second count of the complaint is for money by the plaintiff paid, laid out and expended to and for the use of the defendants at their special instance and request. The defendants on their part interposed a counter claim in a large sum for money, freight, etc., advanced and supplied by the defendants to the plaintiff at his request, to pay which, they allege, he has neglected and refused, and therefore they pray judgment against him for such sum, etc. The cause was tried before a referee. There is no evidence in the case in support of the second count of the complaint. The referee found that in the months of November, 1858, and January, 1859, Moore & Folger advanced to the plaintiff divers sums of money amounting in the aggregate to nineteen thousand five hundred and sixty-seven dollars and thirty-eight cents, which sums were independent of the written contracts, one of which is set forth in the complaint, and the other referred to therein. He also found that the business, which the parties by the contract of the 28th of October, 1858, contemplated carrying on, was never commenced, and that no part of the consideration moving Moore & Folger to enter into that contract ever passed to them. The referee also found that between the 28th of October, 1858, and the 9th of February, 1860, Moore & Folger received on vessels put up by them as general freighters, and not under the agreements mentioned in the complaint or either of them, and transported on said vessels from San Francisco to New York, for said Haskell, hides and wool for which they were entitled, at the time the action was commenced, to seventeen thousand five hundred and fifty-five dollars and ninety-

seven cents, and that the same had never been paid.    On this finding, containing other facts also not material to notice, the referee found and reported that on the 14th of March, 1860, the plaintiff was indebted to Moore & Folger in the sum of thirty-seven thousand one hundred and thirty-three dollars and twenty-three cents, and also found and reported a judgment in favor of the defendant and against the plaintiff for such sum, with interest thereon from the day last mentioned at the legal rate of interest, which judgment was in the sum of fifty thousand seven hundred and thirty-five dollars and seven cents.    Upon this finding final judgment was rendered by the Court.    On a motion for a new trial the Court expressed the opinion that the defendant was not entitled to recover the said sum of nineteen thousand five hundred and sixty-seven dollars and thirty-eight cents with interest thereon, but that he was entitled to judgment for seventeen thousand five hundred and fifty-five dollars and ninety-seven cents with the interest thereon, and that the application for a new trial should be denied, provided the defendant would remit the amount of the judgment in excess of the last named sum with interest thereon.    The defendant accordingly executed and filed a release remitting a portion of the judgment in conformity with the views of the Court, and the application for a new trial was denied.

### Partnership accounts.

The plaintiff objects to the judgment for the sum so rendered and made final against him, on the ground that it is not supported by the evidence, and on the ground that the matters thereof are proper matters of partnership under the contract set forth in the complaint.    If the matters which the defendant gave in evidence as constituting his counter claim, and on which this money judgment was founded, were matters of partnership, then the defendant was not entitled to judgment for the same in this action.    The referee found in effect that the demand for which the judgment stands was not involved in the partnership which the parties undertook to

form by the contract referred to. He found that the business which the parties, by that contract, designed carrying on was never commenced. This finding is fairly supported by the testimony of Bunker and Folger. In the plaintiff's letter to his friend Mason, bearing date December 11th, 1858, he speaks of having had a final settlement with Moore & Folger, and says: "They have attempted to do as they agreed with me, but have again been unable to come up with their agreement with me; consequently, I am doing the business myself." This letter, from its subject matter, seems to have referred to the transactions had between the parties on the 28th of October previous, and at the date of the letter the plaintiff, according to his own account, was doing the "business" himself. Bunker's testimony shows that the aggregate principal sum for which the judgment now stands accrued between the 1st of January, 1859, and the 9th of February, 1860, and that during that time, though in the employment of Moore & Folger as their bookkeeper, he did not know of any business between them and plaintiff, except that plaintiff shipped goods upon their vessels, as other shippers did. This is consistent with the plaintiff's statement contained in his letter. We are of the opinion the judgment is sustained by the evidence and should be affirmed.

Judgment affirmed.

Mr. Justice SAWYER and Mr. Justice SHAFTER, being disqualified, did not participate in the decision.