[No. 2,831.]

## JAMES GANNON *v.* GEORGE DOUGHERTY.

COUNTERCLAIM—PLEADING MUST SHOW ITS EXISTENCE AT COMMENCE-MENT OF ACTION.—Where an answer, in setting up counterclaims in the nature of a promissory note and work and labor, failed to show when the note was due or the work and labor performed: *held*, that it did not appear that the counterclaims relied on existed in favor of defendant at the commencement of the action, and that a demurrer on the ground of not stating facts sufficient to constitute counterclaims was properly sustained.

DAMAGES FOR FRIVOLOUS APPEAL.—Where an appeal is clearly without merit, damages will be imposed by the appellate Court.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

This was an action upon a contract entered into by the parties in April, 1865, by the terms of which defendant was to pay plaintiff two thousand one hundred dollars in gold out of certain moneys to be collected for street work in San Francisco. The defendant, in his answer, set up as a counterclaim that plaintiff had made a promissory note for one thousand dollars to one Babcock, and that afterwards Babcock indorsed, assigned, transferred, and delivered it to defendant, who was the owner and holder thereof, and that no part of it had been paid; also, that plaintiff was indebted to defendant in the sum of one thousand five hundred dollars for work and labor done and performed at plaintiff's request.

The plaintiff demurred to the answer, in so far as it set up a counterclaim, on the ground that it did not appear

therefrom when said note was made or delivered, or when it was made payable, or that the same was at the time of filing said answer due, or that said note was given for a valuable or any consideration; also, that it did not appear when or where said work and labor was done or performed, or the nature or kind of such work and labor.

The demurrer was sustained, and afterwards defendant, declining to amend, and there being a judgment for plaintiff, and motion for new trial overruled, defendant appealed.

*H. F. Crane,* for Appellant.

The averment of the date of the note in the counterclaim was not necessary to constitute a cause of action. It could only be important in view of the statute of limitations; and that statute could not be taken advantage of, except by being specifically pleaded. The general demurrer did not reach the point. (*Green* v. *Palmer,* 15 Cal. 416; *Maynard* v. *Talcott,* 11 Barb. 569; *Frisch* v. *Coler,* 21 Cal. 71.)

The usual count for work and labor does not show that the value thereof is due; but the Court will presume it due; and if not due, it is a matter of defense. The same may be said as to the matter of consideration of the note.

The answer gave the plaintiff sufficient notice of the counterclaims, and the Court below erred in sustaining the demurrer. (*Wallace* v. *Bear River M. Co.,* 18 Cal. 461.)

*James Mee,* for Respondent.

Courts will never presume a cause of action where none appears. (*Barron* v. *Frink,* 30 Cal. 486.) And this rule will apply to both counts of the counterclaim.

The demurrer was not general, but special, pointing out, as required by statute, wherein the pleading did not state facts sufficient to constitute a counterclaim.

By the Court, WALLACE, J.:

The demurrer was properly sustained; it did not appear that the counterclaims relied upon existed in favor of the defendants at the time of the commencement of the action.

There is nothing in the other points; the appeal is without merit, and the judgment is affirmed, with ten per cent damages.

Mr. Justice CROCKETT did not participate in the foregoing decision.