[No. 9515. Department Two. — April 20, 1887.]

## C. H. WOOD, RESPONDENT, v. R. G. BRUSH, APPEL-LANT.

PROMISSORY NOTE — ACTION ON — CONSIDERATION — DEFENSE. — In an action on a promissory note against the maker by an indorser after maturity, an allegation in the answer that the consideration received by the defendant for the note was less than the amount stated therein does not constitute any defense.

ID. — DEFENSES AGAINST INDORSER AFTER MATURITY — MUST EXIST AT COMMENCEMENT OF ACTION. — In such an action, the defendant may set up any defense which he could have interposed against the assignor, and which existed at the time of or before notice of the assignment; but he cannot set up a defense or counterclaim which has arisen since the commencement of the action.

ID. — COUNTERCLAIM — UNSETTLED PARTNERSHIP ACCOUNTS. — In an action on a promissory note, the defendant cannot set up by way of counterclaim a cause of action in his favor against the plaintiff and other persons arising out of a partnership relation existing between them, until an accounting has been had, and a balance struck.

ID. — ACTION ON CONTRACT — COUNTERCLAIM. — In an action upon a contract, another cause of action upon a separate contract can only be set up by way of counterclaim when it exists at the commencement of the action.

PLEADING — SUPPLEMENTAL ANSWER — LEAVE TO FILE MUST BE OBTAINED — JUDGMENT ROLL. — A supplemental answer, although presented to the clerk for filing and marked as filed, does not become a pleading, so as to constitute part of the judgment roll, until an order permitting it to be filed has been obtained.

ID. — FAILURE TO APPEAR AT HEARING OF MOTION — ABANDONMENT. — The failure of the defendant to appear upon the hearing of his motion for leave to file a supplemental answer will be considered an abandonment of the motion.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

In his supplemental answer, the defendant alleged the existence of a partnership between himself, the plaintiff, the plaintiff's assignor, and several other persons, and that since the commencement of the action and the filing of the original answer he had advanced a certain sum of money in connection with the partnership business for the account of the plaintiff and his assignor.

The amount so advanced was pleaded as a counterclaim. The further facts are stated in the opinion.

*Charles H. Moore,* and *Cobb & Moore,* for Appellant.

*W. S. Goodfellow,* for Respondent.

SEARLS, C.—This is an action upon a promissory note for $875 and interest, made by defendant, payable to the order of W. W. Potter, and indorsed by the latter to the plaintiff.

The sworn complaint contained a copy of the note, and is in the usual form

The answer is as follows:—

" Now comes the defendant above named, and, answering the plaintiff's complaint herein, avers that as consideration for the promissory note declared on in plaintiff's complaint herein he received the sum of six hundred and nine and seventy-nine one hundredths dollars ($609.79), and no more. Wherefore he prays judgment and for costs."

Plaintiff moved to strike out the answer, and for judgment as prayed for in the complaint. Pending this motion, defendant obtained an order on plaintiff to show cause why defendant should not be permitted to file a supplemental answer.

At the hearing of the motion and order to show cause, defendant failed to appear, and an order was entered granting the motion for judgment, and denying the application to file a supplemental answer. Thereupon judgment was entered in favor of plaintiff, as prayed for in his complaint, from which judgment defendant appeals.

The original answer contained no defense to the action, and was properly stricken out.

There is no statement or bill of exceptions in the record.

The supplemental answer, although presented to the

clerk for filing, and marked as filed, did not become a pleading in the cause, so as to constitute a part of the judgment roll, until defendant's motion, permitting it to be filed as such pleading, was granted; and as leave was refused by the court, it never became a pleading, and is not entitled to consideration as a portion of the judgment roll.

Waiving all objections, however, to the record and to its lack of authentication, and the leave to file a supplemental answer was properly refused, for the reasons:—

1. That defendant, after procuring an order on plaintiff to show cause, and having it set for hearing, failed to appear at such hearing, and the court might well have concluded he had abandoned the application to file a supplemental answer.

2. The complaint shows that the promissory note, upon which the action is brought, was indorsed to plaintiff after maturity. This entitled defendant to set up as against it any defense which he could have interposed against the assignor, and which existed at the time of or before notice of the assignment. The institution of the action was notice of the assignment of the note, and yet defendant seeks to set up as against plaintiff a defense or counterclaim against the assignor, which, according to his sworn statement, "has arisen since the commencement of this action, and since the former answer of defendant was filed." This he cannot be permitted to do.

3. The counterclaim set out in the supplemental pleading is clearly due, if at all, as a partnership account against sundry persons beside plaintiff, and, until an accounting is had and a balance struck, is not the subject-matter for an action at law.

It is not, therefore, a counterclaim "existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action," within the purview of section 438 of the Code of Civil Procedure.

4. In an action upon a contract, another cause of

action arising upon a separate contract can only be set up as a counterclaim when it existed at the commencement of the action. (Code Civ. Proc., sec. 438, subd. 2; *Gannon* v. *Dougherty*, 41 Cal. 661.)

The judgment should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.