[S. F. No. 151.    Department One.—September 28, 1896.]

FRANK E. LANE, RESPONDENT, *v.* R. M. TURNER, APPELLANT.

FARMING PARTNERSHIP—AGREEMENT FOR LIMITED AMOUNT OF SEED AND FEED—ASSIGNMENT OF CONTRACT—LIABILITY OF COPARTNER FOR EXCESSIVE ORDER.—Where a partnership was formed for the purpose of farming a large tract of land, and the written articles provided that one of the partners should furnish seed and feed to a limited amount, and his interest in the contract was assigned to a grain dealer as security therefor, with directions to furnish the seed and feed as per agreement to his copartner, who ordered and received seed and feed largely in excess of the amount limited by the agreement, such copartner is chargeable with notice of the limitation, and is personally liable to the grain dealer for seed and feed ordered by him in excess of that amount.

ID.—EVIDENCE—CHARGE OF EXCESS UPON BOOKS—EXPLANATION.—The fact that upon the books of the grain dealer the entire amount of seed and feed was charged to the partner who assigned the partnership contract to him as security, is pertinent, but not conclusive, evidence in ascertaining who was the real purchaser of the excess over the amount limited by the articles, and the charge upon the books is open to explanation.

ID.—COUNTERCLAIM—UNADJUSTED PARTNERSHIP TRANSACTIONS—BOARD FURNISHED AT PLAINTIFF'S REQUEST.—In an action by the grain dealer to recover the excess of seed and feed furnished to the copartner of his assignor, beyond the amount limited by the partnership contract assigned to him as security, the defendant cannot counterclaim any unadjusted partnership transactions, but may counterclaim a bill for board furnished to another person by defendant at plaintiff's request.

ID.—INTEREST—GOODS PURCHASED.—In the absence of an agreement to pay at a specific date for goods purchased, the vendor is entitled to interest upon the demand from the time of filing the complaint.

APPEAL from a judgment of the Superior Court of San Joaquin County. W. E. GREENE, Judge.

The facts are stated in the opinion of the court.

*Freeman & Bates*, for Appellant.

The plaintiff's action being upon contract, defendant could counterclaim any causes of action arising on contract. (Code Civ. Proc., sec. 438.) The seed and feed were all furnished on Herd's account, under a new and changed lease; and the accounts were all charged against him. The allowance of interest was unauthorized. (Code Civ. Proc., sec. 1917; *Cox* v. *McLaughlin*, 76 Cal. 71; 9 Am. St. Rep. 164; *Bank of California* v. *Northam*, 51 Cal. 387.)

*J. H. & J. E. Budd*, and *Fitzgerald & Abbott*, for Respondent.

Partnership claims cannot be counterclaimed, since no action at law will lie upon them; and a counterclaim is a cause of action which might be sued upon in a separate action. (*Belleau* v. *Thompson*, 33 Cal. 495.) Books of original entry are not conclusive as to the one to whom credit is given, and may be explained. (*Winslow* v. *Dakota Lumber Co.*, 32 Minn. 237; *Allen* v. *Fuller*, 118 Mass. 402; *Swift* v. *Pierce*, 13 Allen, 136; *Peck* v. *Von Keller*, 76 N. Y. 604; *Rice* v. *Heath*, 39 Cal. 609; *Holmes* v. *Hunt*, 122 Mass. 505; 23 Am. Rep. 381.) The allowance of interest after filing the complaint was proper. (1 Sutherland on Damages, 615, 616.)

THE COURT.—Defendant and one John Herd, Jr., formed a copartnership for the purpose of farming a large tract of land; a memorandum of their contract was in writing, dated August 20, 1891, and one of its provisions was that Herd, as his

contribution to the expense of ploughing and seeding.
the land for the first year, would furnish all seed
and feed, "such feed in no case to exceed the sum
of fifteen hundred dollars." October 3, 1891, Herd
assigned his interest in said contract to Lane, the
plaintiff, who was a grain dealer at Stockton; such as-
signment being in terms "security for feed, grain, and
seed furnished to put the land in." On October 7, 1891,
Herd wrote to defendant a letter containing this state-
ment: "I arranged on Saturday last with the Lanes
at Stockton to provide you, as per agreement, with the
seed and feed you require. Therefore, kindly write
them direct and they will forward the same." Defend-
ant took the letter to plaintiff, who indorsed thereon,
"Accepted: Frank E. Lane." Upon the order of de-
fendant, plaintiff shipped to him before December 31,
1891, feed to the amount in value of three thousand one
hundred and thirty-eight dollars and thirty-eight cents.
The purpose of this action is to recover the sum of six-
teen hundred and thirty-eight dollars and thirty-eight
cents, the excess in value of the feed thus supplied
above that which Herd promised to furnish, and the
further sum of one hundred and twenty-one dollars,
cash advanced for freight on the same. The complaint
is in the ordinary form for the value of goods sold and
delivered, and for money paid to the use of defendant.

In his answer defendant first denied the allegations
of the complaint, and then in a separate paragraph—
numbered IV—alleged matters which, if true, showed
that plaintiff sold the feed and paid the money in
question to and for Herd only. He also pleaded as
counterclaims, on information and belief, that in Feb-
ruary, 1892, plaintiff succeeded to the interest of Herd
in said partnership, and is indebted to defendant on ac-
count of certain described transactions of the partner-
ship, and separately, that plaintiff owes him the sum
of fifty-two dollars for boarding one Harry Lane at
plaintiff's request. Plaintiff demurred to the answer
and to the counterclaims. The court ordered that

"the demurrer to that part of the answer alleging counterclaims, paragraphs 4 and 6, be sustained."

At the trial, judgment went for plaintiff, and included two hundred and thirty-four dollars for interest on his demands from the time of the commencement of the action to date of judgment—October 8, 1892, to September 5, 1894.

The principal question before the trial court was one of fact. Herd directed Lane to supply Turner with the seed and feed he required "as per agreement"; and with this direction as part of his arrangement with plaintiff Turner received the goods. The court, upon conflicting evidence, determined that the agreement thus referred to and incorporated into the contract with plaintiff was the stipulation of the original partnership contract, unchanged as claimed by defendant. Consequently, defendant was chargeable with notice that Herd's credit for the feed procured from plaintiff was limited to the sum of fifteen hundred dollars, and he was himself liable for what he ordered in excess of that amount. (Civ. Code, secs. 2318, 2443.) The fact in proof that all the goods were originally charged against Herd on the books of plaintiff was pertinent, but not conclusive evidence, in ascertaining who was the real purchaser, and was open to explanation. (*Rice* v. *Heath*, 39 Cal. 609.)

As to the averments of indebtedness of plaintiff to defendant, arising out of alleged partnership transactions between them—mere unadjusted claims which might be the subject of an accounting—it is not, and hardly could be, seriously contended that they constitute proper counterclaims in this action. (*Case* v. *Maxey*, 6 Cal. 276; *Haskell* v. *Moore*, 29 Cal. 437.) But the counterclaim of fifty-two dollars for boarding Harry Lane was valid, and the demurrer thereto should have been overruled; plaintiff concedes this, and consents that the judgment be reduced accordingly.

The court properly allowed interest on the plaintiff's demands from the filing of the complaint. (Civ. Code,

sec. 3287; *Pacific Mut. etc. Ins. Co.* v. *Fisher*, 106 Cal. 224.) In this case it was held that, in the absence of an agreement to pay at a specific date ·for goods purchased, the vendor would be entitled to interest .from the time of filing his complaint, the court saying: "At the time he commenced the action, his right to recover the open account was vested in him, and was capable of being made certain by calculation, and he was entitled to recover interest thereon from that date."

The superior court is directed to modify its judgment by deducting therefrom the sum of fifty-two dollars as of its date of entry, and, as so modified, the judgment and order denying a new trial are affirmed.