[S. F. No. 14939. In Bank.—April 27, 1934.]

C. H. SOOY, Respondent, v. E. W. CERF et al., Appellants.

Henry Robinson, Martin P. Bruton and Herbert A. Leland for Appellants.

J. H. Sapiro and A. A. Heer for Respondent.

CURTIS, J.—The principal question presented on this appeal may be stated as follows: In a suit by one partner against another, after dissolution of the partnership, upon his individual promissory note, may the defendant partner, in order to diminish or defeat plaintiff's recovery, set up by way of counterclaim a cause of action for an accounting for money of the dissolved partnership collected by the plaintiff partner after the dissolution, in which counterclaim it is alleged that such accounting will show that there is in the hands of plaintiff and belonging to defendant partner a sum in excess of the amount owing on the note?

Plaintiff instituted this action to recover the balance due and unpaid on a joint and several promissory note, executed in plaintiff's favor by the defendants, one of whom was Marcel E. Cerf, who filed a separate answer and alleged therein that the note had been paid. He also pleaded as a separate defense to said action and by way of counterclaim certain facts which, if true, would have entitled him to an accounting for moneys of a dissolved partnership comprised of plaintiff and said defendant Marcel E. Cerf and which had been collected by plaintiff after the dissolution of said partnership, no part of which had been paid to said Marcel E. Cerf. It was further alleged that upon such an accounting it would be found that there was a balance in the hands of plaintiff belonging to defendant Marcel E. Cerf from money collected by said plaintiff on account of the business of the partnership in excess of the amount then owing on said promissory note. Substantially the same matters were set up in a cross-complaint by Marcel E. Cerf. The other defendants set up similar pleadings setting up the same defenses as those interposed by the defendant Marcel E. Cerf. Upon plaintiff's motion the pleadings of these defendants, in so far as they attempted to set up said counterclaims and said cross-complaints were

stricken out by the court. At the trial of the action judgment was rendered against all of the defendants, jointly and severally, for the amount found due on said promissory note. By section 437 of the Code of Civil Procedure the pleading of a defendant may contain, among other things, "A statement of any new matter constituting a defense or counterclaim." By section 438 of the Code of Civil Procedure it is provided that "the counterclaim mentioned in section 437 must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action".

Measured by the requirements of section 438 the counterclaim interposed by the defendant Marcel E. Cerf in his answer possesses all the essential elements of a counterclaim. It tends to diminish or defeat plaintiff's recovery. It exists between the plaintiff and defendant Marcel E. Cerf and between said two parties a several judgment might be had in said action. The fact that plaintiff's action on the promissory note is an action at law, and the defense by counterclaim asking for an accounting is equitable in character does not deprive the defendant of his right to interpose said defense. In *Terry Trading Corp.* v. *Barsky*, 210 Cal. 428, 437 [292 Pac. 474], this court said: "It is well settled that under the system of code pleading equitable defenses and equitable counterclaims may be set up in actions at law, as well as legal defenses and counterclaims in suits in equity." The reason for permitting such procedure is clearly set forth by Professor Pomeroy as follows: "In an equitable action, a counterclaim consisting of an equitable cause of action, and demanding equitable relief, may be interposed if it possesses all the other elements required by the definition. . . . As the codes in express terms permit equitable defenses in such actions, and as in the self-same provision, and by means of the same language, the statute authorizes the joining of as many defenses and counterclaims, whether legal or equitable, or both, as the defendant may have, to deny the possibility of an equitable counterclaim in a legal action, would make it necessary, if any consistency were preserved, to deny also the possibility of an equitable defense. The courts, as may be seen from the citations made below, have, with a few unim-

portant exceptions, been unwilling to nullify the language, and defeat the design of the legislature in this manner, and following its plain meaning and import, they have freely admitted and sustained the equitable counterclaim in all actions, whether legal or equitable, where that form of relief was appropriate, and was authorized by the descriptive terms of the statute.'' (Pomeroy, Code Remedies, 5th ed., p. 1035, sec. 640.)

The case of *Terry Trading Corp.* v. *Barsky, supra,* has been followed by this court in a recent opinion wherein it was said: ''Under the 1927 amendment to section 438, Code of Civil Procedure, the sole requisites of a counterclaim are that it 'must tend to diminish or defeat the plaintiff's recovery, and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action'. Under this amendment it is not necessary that there be any connection between the cause of action set up in the complaint and that which forms the basis of the counterclaim. (*Terry Trading Corp.* v. *Barsky,* 210 Cal. 428, at p. 435 [292 Pac. 474].) The facts of the cited case are particularly germane to the case now before us. In that case plaintiff sued on a note given for services performed by virtue of a written contract. In the instant case the plaintiff sued for the price of goods sold under a written contract. There, as here, the defendants averred an assignment to plaintiff of accounts receivable and prayed for an accounting. Defendants therein also prayed for damages for failure of the services performed by plaintiff to comply with the contract. In the instant case defendants seek damages because, they allege, the product sold to them was not as represented by plaintiff. In disposing of the appeal in *Terry Trading Corp.* v. *Barsky, supra,* we held that obviously the claims for accounting and damages were the subject of counterclaim under the section as amended.'' (*Luse* v. *Peters,* 219 Cal. 625 [28 Pac. (2d) 357].)

Respondent concedes the force and effect of the above authorities, but contends that they do not apply to an action between partners or between persons who were formerly partners, when the equitable defense relates to matters growing out of the partnership business. The position of the respondent is that in an action at law between partners upon a claim not connected with the partnership

business, the defendant may not set up by way of counterclaim a plea that an accounting of the partnership matters would show that plaintiff is indebted to the defendant in an amount which would diminish or defeat the plaintiff's recovery. This claim is based upon the well-established principle of law that one partner, even after dissolution of the partnership, cannot sue the other at law upon any matter arising out of the partnership business. Respondent seeks to extend this principle of law to an action in which, as in the case before us, the defendant in an action at law, as an equitable defense to plaintiff's recovery, asks for an accounting of the affairs of a partnership existing between the plaintiff and defendant. In support of his contention respondent relies upon the following cases: *Case* v. *Maxey,* 6 Cal. 276, *Haskell* v. *Moore,* 29 Cal. 437, *Wood* v. *Brush,* 72 Cal. 224 [13 Pac. (2d) 627], *Lane* v. *Turner,* 114 Cal. 396 [46 Pac. 290], and *Johnstone* v. *Morris,* 210 Cal. 580 [292 Pac. 970], as well as decisions from other jurisdictions. The first two cited cases were decided under the old Practice Act. A counterclaim under section 47 of this act, except where plaintiff's cause of action and defendant's arose out of contract, was limited to the transaction set forth in the complaint, or connected with the subject of the action. It was accordingly held in the first of said actions that the counterclaim was based upon a division of cattle owned by the parties in partnership, and as such division had nothing to do with the consideration of the note therein sued on, it could not be set up as a counterclaim or equitable defense to the action. Therefore the appellate court sustained the action of the trial court in striking out the counterclaim, because the subject matter thereof "had nothing to do with the consideration of the note sued on", and not because it involved a partnership matter. What slight reference is to be found to the question now before us in *Haskell* v. *Moore, supra,* must, of course, be construed in the light of the provisions of the Practice Act regarding matters which may be set up in a counterclaim. The only authorities cited in *Lane* v. *Turner, supra,* are the two cases first above cited, and which we have shown were decided when the statute permitting a counterclaim was entirely different from the present code section upon the subject. In *Wood* v. *Brush, supra,* the partnership ac-

count set forth in the counterclaim was against the plaintiff and sundry other persons, and for this reason the court held that it was not a counterclaim "existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action" within the purview of section 438 of the Code of Civil Procedure. In the case of *Johnstone* v. *Morris, supra,* plaintiff sued to collect the balance due on a promissory note, executed by the defendant. The parties had formerly been partners and the note was given in part payment of plaintiff's interest in the partnership property. Defendant filed a counterclaim and also a cross-complaint, in each of which pleadings he claimed that while the partnership was in existence and before his purchase of plaintiff's interest therein, the plaintiff, without the knowledge of defendant, fraudulently appropriated, by means of false entries in the account books of the partnership, funds belonging to the partnership exceeding in amount the balance due on said promissory note. The action was tried by a jury which returned a verdict that plaintiff take nothing by his action. He appealed from the judgment entered upon the verdict, and, among other things, contended that the cross-complaint "appeals to the equity side of the court, and that on those issues a right to trial by jury does not exist". In discussing the question thus presented this court stated that "It is an almost, if not universally, accepted rule, that, in the absence of statutory provision, an action at law as distinguished from an action in equity cannot be maintained between partners with respect to partnership transactions. It is well settled that the mere fact a dissolution of the partnership has taken place before the action is brought does not change the rule that no action at law can be maintained between partners (citing authorities). But to this rule that no action at law will lie between partners, even after dissolution, there is one well-recognized exception." The court then goes on to show that the peculiar facts of that case bring it within the exception rather than the rule, and concludes its discussion with the following conclusion: "From the above reasoning it follows that, the action being one at law, the defendant was entitled to a jury trial." It will be seen that the question involved in that action and determined by the court was whether the cross-complaint set up an equitable or a legal

cause of action, and not whether the defendant could maintain his cross-complaint which set forth matters relating to the former partnership between the parties. In fact, it seems to have been conceded that such a defense, whether by cross-complaint, or counterclaim, could be maintained by the defendant, but plaintiff contended that it was an equitable defense, and therefore defendant had no right to have the issues raised thereby tried before a jury. We are satisfied from a careful reading and study of these .cases, and any others bearing upon this subject, that they do not decide, nor has it ever been decided in this state since the adoption of the codes, that under section 438 of the Code of Civil Procedure one partner may not set up as a defense a counterclaim against the plaintiff asking for an accounting of the partnership affairs and offsetting the amount found to be due the defendant by the accounting against the amount found to be due the plaintiff on his cause of action set up in the complaint. Respondent has cited authorities from other jurisdictions in which it may be conceded there is language and rulings which support his contention, but evidently the statutes of those jurisdictions contain no provision as broad as our present statute .upon the subject of counterclaims.

Our conclusion therefore is that the trial court erred in striking out the counterclaim filed herein by the former partner of the plaintiff. As we view the question, any other conclusion would run directly counter to the plain provisions of section 438 of the Code of Civil Procedure, which since its amendment in 1927, provides that a counterclaim may be filed when it tends "to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action". This conclusion is in line with our recent decision in *Luse* v. *Peters*, 219 Cal. 625 [28 Pac. (2d) 357], where we held that "Under the 1927 amendment of section 438, Code of Civil Procedure, the sole requisites of a counterclaim are that it 'must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action'." It is true, as respondent says, that this was not an action where the counterclaim involved a partnership accounting. But we see no

reason why, if a counterclaim is allowed in every case where it meets the requirements of the code section, any exception should be made in case of an action between partners. It is true that one partner may not sue, even after dissolution of the partnership, the other partner in an action at law. He may, however, before dissolution, sue for an accounting and ask for a dissolution, and after dissolution he may sue for an accounting. This, it is true, is an equitable proceeding. But it is just as much an equitable proceeding if set up by way of counterclaim by the defendant, as it would be in an independent action wherein a plaintiff sues for an accounting. The inclusion of such a demand in a counterclaim does not in any way deprive it of its equitable character, nor does it change the manner in which the issues arising out of said counterclaim are to be tried. ■ Where a counterclaim is set up as an equitable defense to an action at law, the whole proceeding, in practical effect, constitutes two independent causes of action—one by the plaintiff on his complaint, and the other by the defendant on his counterclaim. (*Pacific Finance Corp.* v. *Superior Court,* 219 Cal. 179 [25 Pac. (2d) 983, 90 A. L. R. 384].) The issues therein are tried separately and upon demand of either party it would be the duty of the trial court to grant a jury trial to determine the issues arising under plaintiff's complaint and to determine the equitable issues arising under the counterclaim without a jury, except as the court might call a jury to act in an advisory capacity. In such a procedure the partners may have their differences determined in a court of equity, and the rule against one partner suing another in an action at law regarding partnership property is not violated.

■ It is conceded by the plaintiff that if the defendant Marcel E. Cerf, one of the makers of the note, had the right in this action to set up the counterclaim pleaded, then the right to set up the same defense by way of counterclaim was available to the other defendants, since the note sued on was joint and several.

It follows that the court erred in striking out each of the counterclaims filed herein. For this reason the judgment should be reversed, and it is so ordered.

Preston, J., Shenk, J., and Waste, C. J., concurred.