## GOLDSMITH v. CLAUSEN.

1. MISTAKE IN JUDGMENT. Under §§ 3499 and 3500 of the Revision of 1860, a mistake of the clerk made in entering up a judgment, may be corrected on the motion of the plaintiff, within the time and in the manner therein prescribed, even after the payment and satisfaction of the erroneous judgment by the defendant.

*Appeal from Lee District Court.*

MONDAY, DECEMBER 15.

FORECLOSURE. The facts are sufficiently stated in the opinion of the Court.

*F. Semple* for the appellant, cited *Pomroy & Co.* v. *Parmlee*, 9 Iowa, 146.

*J. M. Beck* for the appellee, cited *O'Connor* v. *Mullen*, 11 Ill., 59; *Lyon* v. *Boilvin*, 2 Selw., 629; *Robb* v. *Bostwick*, 4 Scam. 116; Rev., 1860, §§ 3498-3500.

LOWE, J. — On the fifth day of June, 1860, a judgment of foreclosure was entered for the plaintiff in the sum of $216.28, being the supposed unpaid balance due on a thousand dollar mortgage. This judgment was rendered in pursuance of an agreement entered into between the parties on the 14th day of April, 1860, to the effect that the plaintiff should have, at the next succeeding term, a decree of foreclosure for the amount of his claim and ten per cent interest, taking into account a receipt for fifty dollars which is called damages for non-payment of said claim, the amount to be assessed by the Clerk, with stay of execution until the 15th of January, thereafter, for $200, and six months for balance, &c. On the 4th day of February, 1861, the defendant paid the Clerk the full amount of this judgment. On the 5th day of May, 1861, the plaintiff filed a motion in Court to correct the amount of said decree for a mistake made by the Clerk in the assessment of the damages, of which due notice was given to the defendant. On hearing this motion, the Court sustained the same, and rendered a judgment *nunc pro tunc* for the real balance due on said mortgage, to wit: $426.70, to which the defendant excepted, and assigns the same for error in this Court, and insists that the motion was made too late under the statute, and especially, when made as in this case, after the first judgment had been satisfied. The original note, with the credits thereon, has been sent up with the papers. An inspection of the same satisfies us that the mistake of the Clerk in the assessment of the damages is quite transparent and obvious, and that the second judgment rendered was a little under rather than over the true amount. The motion for the correction of this error was made within the time prescribed by the Revision. There are two sections bearing upon this subject. Section 3499 : " The District Court in which a judgment has been rendered, or by which, or by the judge of which, a final order has been

made, shall have power after the term at which said judgment or order was made to vacate or modify such judgment or order." In the third clause or subdivision under this section it is specified that the Court may exercise this power, "for a mistake, neglect or omission of the Clerk, or irregularity in obtaining a judgment or order." Section 3500 reads as follows: "The proceedings to correct mistakes or omissions of the Clerk, or irregularity in obtaining a judgment or order shall be, by motion, served on the adverse party, or on his Attorney in the action and within one year," &c.

The plaintiff has brought himself within the meaning and operation of these sections in getting the Court to rectify the mistake, and we do not see why the payment of the erroneous judgment in the meantime by the defendant should have the effect to cut off or take away a right thus secured by law to the plaintiff. If the mistake had been as evidently against the defendant for the same or any other amount, it would have been equally his privilege within a year thereafter to have such mistake corrected in the same summary way.

The same power to correct evident mistakes was conferred upon the District Court in the Code of 1851, nor was the power limited necessarily to the next succeeding term after the error was committed. The language of § 1580 is: "Entries made, approved and signed at *a* (not *the*) previous term, can be altered only to correct an evident mistake."

The difference between the old and the new Codes is that under the former the mistake must be evident, and the manner of exercising the power not stated; whereas under the latter, both the time within which and the manner of executing the power are specified and regulated. Judgment below

Affirmed.