## THE MISSISSIPPI AND MISSOURI RAILROAD COMPANY v. BYINGTON.

1. RECORD ON APPEAL. When the original notice or agreement under which a jury was selected to assess the damages to be paid by a railroad company for right of way over certain lands, was not set out in the record submitted to the Supreme Court on appeal, and a question was presented as to what lands were considered by the jury in making the assessment, the presumptions were held to be in favor of the correctness of the finding in the court below.

2. APPEAL: ESTOPPEL. When a party to a proceeding to assess damages sustained by reason of the construction of a railroad through or over his lands accepted the amount assessed, it was held that he was not thereafter entitled to appeal.

3. SAME. A party cannot accept the benefits of an adjudication and afterwards appeal therefrom.

*Appeal from Johnson District Court.*

THURSDAY, APRIL 16.

THE facts appear in the opinion of the court.

*Edmonds & Ransom* for the appellants.

*Le Grand Byington pro se.*

BALDWIN, C. J.—The defendant appealed to the District Court from the inquest of a jury, appointed under the pro-

visions of an act of the Legislature of January 18th, 1853 (see Rev., page 218), to assess the damages sustained by reason of the plaintiffs locating their road over the lands of defendant. The first proceeding we find in the record ·is the report of the jury, in which they assess defendant's damages at $1,000 in consequence of said road being located over defendant's premises, "situated in Johnson County, Iowa, viz.: The southwest quarter of section 9, town. 79, R. 6 west." Whether these proceedings were had upon the application of the plaintiff or defendant the record fails to disclose.

The jury, in the heading of the report, say: "In the matter of the application of Le Grand Byington, for damages against the M. & M. R. R. Co.," while in other respects the M. &. M. R. R. Co. are treated as the plaintiff and applicant for the assessment. The original notice or the agreement under which the jury were selected, is not in the record, and its omission justifies us in concluding that one of the questions presented by the counsel for appellant was correctly decided by the court below. While it appears from the return of the jury that they assessed the damages at $1,000, in consequence of the location of the road across the specific portion of the defendant's land, above named, yet it appears from their evidence that they took into consideration the injuries to the whole of defendant's farm, embracing land, not only the specific section named in the report, but lands adjoining thereto. So, also, upon the trial anew in the District Court, the defendant was permitted to introduce evidence tending to show the amount of damages the location of the road was to his farm, and not to the particular tract specified in the report of the jury. To this the plaintiff objected, and its admission is assigned as error. The plaintiff also proposed to introduce evidence tending to show that the defendant was not the owner of a portion of the land known as the defendant's farm. This

testimony was excluded, and this is assigned as error. If the plaintiff was the party applying to have the damages assessed, and the application designated the lands known as the defendant's farm, or if the jury was called under an agreement of both parties, and it was therein specified that the damages to defendant, in consequence of the location across his farm, should be assessed, the plaintiff was afterwards estopped from confining the defendant to the immediate portion of land which the road passed, and also from denying the defendant's ownership of the land, the damages to which they had agreed should be assessed.

The presumption is, that the court admitted the evidence to assess the damages as contemplated when the sheriff's jury was summoned, and to rebut this, the appellant should show that it was the intention of the parties to have the damages confined to the particular tract.

We feel satisfied from the record and evidence that it was the damages to the farm the jury were called to assess, from the fact that the record shows that when the jury were about entering upon the discharge of their duties, the plaintiffs' attorneys were present, as also a surveyor, and each of the jurors testify that in assessing the damages, they did not confine themselves to the particular tract embraced in their report, but made their estimate from the injury to the farm.

When the jurors returned their assessment, the plaintiffs paid to the sheriff the amount of their award for the use of defendant. This amount was accepted and receipted for by the defendant, after which he appealed. The plaintiffs moved the court to dismiss the appeal, for the reason that the defendant, by the acceptance of the amount tendered, was barred from the further prosecution of his claim for damages. This motion was overruled, and this is assigned as error.

The statute under which this assessment is made, gives to either party the right to appeal. The railroad corporation, building the road, have the right to proceed with the construction of the road, by paying in to the sheriff the amount of damages assessed by the jury; and the freeholder, if upon the prosecution of his appeal he recovers no greater judgment, must pay the costs of the appeal. Can the owner of the land accept or receive the amount of damages awarded him and paid in by the railroad company, and at the same time prosecute his appeal?

We are of the opinion that the provisions of our statute in relation to appeals in this special class of cases, does not change the well settled rules upon this subject. We think it a correct rule of law, and well settled by the authorities, that a party cannot accept the benefit of an adjudication and yet allege it to be erroneous. And it matters not as to the character of the tribunal, whether that of a justice of the peace, the District Court, or a proceeding as in this case, by a jury for the assessment of damages.

Other questions are presented by the counsel of appellant, but as by the acceptance of the amount of the award of the jury, the appellee waived his right to appeal, it is not important to pass upon the other rulings objected to.

Reversed.