THE IND. DIST. OF ALTOONA v. THE DIST. TP. OF DELAWARE.

1. **Appeal: ESTOPPEL.** If the party recovering a judgment shall accept the amount thereof, he cannot afterward appeal.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 5.

THE plaintiff recovered in the court below a judgment against the defendant for the sum of $450.57 and costs, which judgment was paid. Afterward the plaintiff appealed to this court, and a motion is now made to dismiss the appeal.

*M. D. McHenry & Son*, for appellant.

*Phillips, Goode & Phillips*, for appellee.

SEEVERS, CH. J.—The Code, §§ 3212 and 3213, provide that an appeal may be dismissed, on motion of the appellee, whenever it appears the appellant has no further right to pros-

ecute the appeal; and appellee may, by a verified answer or affidavit, plead or present facts which render the taking of the appeal improper or destroy the appellant's right of further prosecuting the same.

In *M. & M. R. R. Co. v. Byington*, 14 Iowa, 572, it was held, where damages had been assessed by a sheriff's jury which had been paid to the defendant, that he could not thereafter appeal to the District Court; and in *Borgalthous v. Ins. Co.*, 36 Iowa, 250, it was held, that where a judgment had been rendered against a garnishee in the District Court, which judgment he paid, he thereby waived all error in the rendition of the judgment.

In principle, there is no difference between those cases and the one at bar; the only difference being that, in the last case, the defendant paid the amount of the judgment appealed from, and in the case at bar the plaintiff received and accepted the amount of the judgment appealed from. The fact that in the former a new or re-trial might be necessary if the case was reversed, and not in the latter, can make no difference. Nor is the decision in *Borgalthous v. Ins. Co.*, *supra*, placed on that ground. But it is expressly held, that by the payment of the judgment all errors were waived. Why should not the same rule prevail where the other party has received and accepted the amount of such judgment?

The argument amounts to this: To the original judgment both parties excepted—if the defendant paid the judgment it amounts to a waiver of error on his part, but the acceptance of the amount so paid by the plaintiff will not amount to such waiver on his part. Such cannot be the rule, but it must, under the circumstances, be reciprocal.

In *Goldsmith v. Clausen*, 14 Iowa, 278, the clerk in computing the amount due made a mistake, and the judgment was rendered for a sum less than the amount due. The defendant paid the amount of the judgment and the plaintiff filed a motion to correct the judgment. It does not appear that the plaintiff had accepted the money from the clerk.

The appeal must be

DISMISSED.