McGUIRE, Appellant, *v.* EDSALL et al., Respondents.

[Submitted March 21, 1893. Decided April 23, 1894.]

Pleading—*Counterclaim.*—Under sections 89 and 90 of the Code of Civil Procedure, permitting a defendant, by answer, to plead an existing counterclaim as new matter constituting a defense, it is error for the court to permit defendant by amendment to plead a counterclaim maturing after the action is commenced.

*Appeal from Ninth Judicial District, Gallatin County.*

Judgment was rendered by Armstrong, J., for plaintiff, less a counterclaim. Reversed as to allowance of defendant's counterclaim.

*E. P. Cadwell,* for Appellant.

*Luce & Luce,* for Respondents.

Per Curiam.—The sole question involved in this case is whether the trial court erred in permitting defendants, by amendment of their answer, to plead a counterclaim against the demand of plaintiff, which counterclaim matured after

plaintiff's action was commenced. The court allowed such amendment during the trial, and permitted evidence to be submitted in support of the counterclaim thus introduced into the action. This practice cannot be sustained. Our statute provides upon this subject that the defendant, by answer, may plead a counterclaim as new matter constituting a defense (Code Civ. Proc., § 89), and that the counterclaim mentioned "shall be one existing in favor of the defendant or plaintiff, and against a plaintiff or defendant, between whom a several judgment might be had in the action arising out of the following causes of action." (Code Civ. Proc., § 90.)

With scarcely any conflict of opinion, it is held that the counterclaim thus pleaded must be one existing and matured for action in favor of the party asserting the same at the time the action was commenced wherein such counterclaim is sought to be pleaded. This is held in several California cases, where the subject appears to have been carefully considered, under like provisions of statute, from which state, no doubt, our statute on this subject was borrowed. Not only so; such holding is supported by the great weight of reason, as will be found expounded in the following cases. (*Paige* v. *Carter*, 64 Cal. 489; *Gannon* v. *Dougherty*, 41 Cal. 661; *Jeffreys* v. *Hancock*, 57 Cal. 646; *Trafford* v. *Hall*, 7 R. I. 104; 82 Am. Dec. 589; *Lee* v. *Lee*, 31 Ga. 26; 76 Am. Dec. 681; *Smith* v. *Washington Gaslight Co.*, 31 Md. 12; 100 Am. Dec. 49; *Hayes* v. *Hayes*, 2 Del. Ch. 191; 73 Am. Dec. 709; *Smith* v. *Ewer*, 22 Pa. St. 116; 60 Am. Dec. 73; *Shepherd* v. *Turner*, 3 McCord, 249; 15 Am. Dec. 631; *Gregg* v. *James*, Breese, 143; 12 Am. Dec. 152; *Hill* v. *Kroft*, 29 Pa. St. 188; *Speers* v. *Sterrett*, 29 Pa. St. 194; *Lyon* v. *Petty*, 65 Cal. 322; Bliss on Code Pleading, § 369, et seq.)

It appears that upon the trial defendants succeeded in establishing their counterclaim to the satisfaction of the jury, and the same was offset against the demand of plaintiff, and plaintiff was given judgment for the amount of his demand over and above such offset. We are satisfied that this was error, and that therefore the judgment must be reversed and a new trial ordered. This court cannot direct judgment, for the reason that there was a conflict in the testimony, and there is nothing

before us by which we may determine whether the jury, by their verdict, allowed all of the counterclaim, or only a part thereof. Or whether they reduced plaintiff's claim, instead of allowing the whole of the counterclaim. (*Lebcher* v. *Commissioners*, 9 Mont. 315.) Judgment reversed and cause remanded for new trial.

*Reversed.*

All concur.