NEILSON, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*September 30 — December 17, 1895.*

*Railroads: Condemnation of land: Appeal: Increase of award: Separate awards: Interest.*

1. Although the amount awarded by the commissioners in proceedings to condemn land for a railroad was paid into court, yet if, on an appeal by the owner, the verdict is for a larger sum, he is entitled to interest on the whole amount of such verdict from the date of the original award.

2. Plaintiff claimed to be the owner in fee of the whole of certain lands condemned for a railroad; one G. claimed to be the owner in fee of a part thereof and to have a dower interest in the balance; and there were other claimants. Of the award of the com-

Neilson vs. Chicago & Northwestern R. Co.

missioners a certain sum was for damages for the taking of the land claimed by G. in fee, and a certain sum for the balance. The amount of the award was paid into court. On an appeal by the plaintiff alone, the verdict was for a larger sum as to the part claimed by G. in fee, but for a smaller sum as to the balance, the whole verdict, however, being for a larger sum than the award. Afterwards it was determined that G. had only a dower interest in the lands, and this, with the interest of another claimant, was conveyed to the plaintiff, who thus became the owner in fee of the whole tract. *Held*, that he was entitled to interest on the whole amount of the verdict from the date of the award.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

It appears from the record, and the trial court has in effect found, that July 9, 1888, the defendant railway company instituted proceedings for the condemnation for railway purposes of eight and eighty-three one-hundredths acres of land, described in Schedule A; that the petition for such condemnation stated that the plaintiff claimed to be the owner in fee of the whole of said premises; that Mary E. Grignon (a widow) claimed to be the owner in fee by adverse possession of two and thirty one-hundreths acres of said premises, described in Schedule B, and also claimed a right of dower in the balance of said premises; that two or three other persons, respectively, claimed some interest in the premises or some part thereof; that the award of the commissioners in said proceedings for the whole of the land was $3,600, of which $700 was for the lands in Schedule B, and $2,900 for the balance of said lands; that thereupon the railway company paid to the clerk of the trial court, for the use of the several owners in fee or of any interest in said lands, the full amount of $3,600; that the plaintiff appealed from said award, but that no one else took any appeal; that, upon said appeal being taken, it was stipulated by the parties, in effect, that the jury, by special verdict, make two assessments,— one as though the plaintiff was the owner of all the land

affected by such appeal, the other as though he was the owner of all but the portion described in Schedule B,— and that, on the rendition of such verdict, the court make final disposition of the case and the distribution of the damages; that upon the trial in the circuit court the jury returned a verdict to the effect that the damages for taking the land described in Schedule B were $1,008.67, and that the damages for taking the remainder of said land were $2,665.33, amounting in the aggregate to $3,674; that, after said award, Mrs. Grignon's claim to be such owner in fee of a part of said premises had been determined against her, and May 28, 1894, she conveyed all her interest in the whole premises to the plaintiff, and April 3, 1894, one of the other claimants conveyed all his interest in the premises to the plaintiff, who is the owner in fee of the entire premises.

As conclusions of law, the court found that the plaintiff was entitled to judgment for $3,674, with interest thereon at the rate prescribed by law from August 27, 1888, to the entry of the judgment therein, less the $3,600 so on deposit, and, after the application of the same, the plaintiff have execution against the defendant for such balance, with costs as taxed, including costs on the appeal from the award. From the judgment entered accordingly the defendant appeals.

For the appellant the cause was submitted on the brief of *Winkler, Flanders, Smith, Bottum & Vilas.*

For the respondent there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper.*

The following opinion was filed October 22, 1895:

CASSODAY, C. J. As said in another case, a proceeding to condemn lands "is in some respects a proceeding *in rem;* and hence condemnation may be had even though the owners of or persons interested in the land be nonresidents of the state, or their residence be unknown." Sec. 1848, R. S.

Such proceeding, being regular, and the amount of the awards to the respective owners and persons interested *being paid into court or* to such owners and persons, and their several receipts therefor filed with the clerk of the court, *vests in the corporation*, its successors and assigns, *the title* and the exclusive use of the premises condemned, and every part and parcel thereof. Secs. 1850, 1851, R. S." *Taylor v. C., M. & St. P. R. Co.* 81 Wis. 86; *Huling v. K. V. R. & I. Co.* 130 U. S. 559. This is so, regardless of any conflicting claims to the money so paid into court, which may be determined as prescribed by statute. *Ibid.; Walton v. G. B., W. & St. P. R. Co.* 70 Wis. 417. "In other words, the chief concern of the company is to acquire a perfect title to the lands, and the chief concern of the respective owners and persons interested is to obtain their respective shares of the award." *Taylor v. C., M. & St. P. R. Co., supra.* Had the award not been increased on the plaintiff's appeal, then it is very manifest that such title to the land condemned in the case at bar would have vested in the defendant at the time of making such deposit; and, as a necessary consequence, the right to the moneys so deposited at the same time vested in the rightful owners of the land and those having any interest therein, whenever ascertained. The mere fact that the money so deposited could not have been drawn out by reason of the conflicting claims to the same would not, in the event mentioned, have subjected the defendant to the payment of interest thereon; for, as indicated, the determination of such conflicting claims was a matter which concerned such owners rather than the defendant. This sufficiently disposes of the contention that each of the two findings of the jury should be treated as a separate award, instead of together constituting an award for all the lands condemned.

But, as indicated in the foregoing statement, the plaintiff did appeal from the award of the commissioners, and thereby increased the amount $74. The verdict of the jury, there-

fore, stands in the place of the award. The case, therefore, is substantially the same as though the award of the commissioners had been $3,674, and the defendant only deposited the $3,600. Could the defendant in that event rightfully claim that such insufficient deposit should stop interest on that amount? We think not. Private property can only be taken for public use, against the consent of the owner or owners, by actually making or providing just compensation therefor. Const. art. I, sec. 13; *Taylor v. C., M. & St. P. R. Co.* 83 Wis. 645. Providing only partial compensation is not providing just compensation. The owner or owners are not obliged to accept of partial compensation. As the defendant, upon making such deposit, entered into the possession and use of the premises so condemned, "the owners or parties entitled thereto" were, in the language of the statute, "entitled to receive the money paid into court on account of the award appealed from, without prejudice to the appeal taken." R. S. sec. 1850. But, as indicated, they were not obliged to do so, and were at liberty to take their chances of increasing the award. Had the owner, in the case at bar, failed to increase the award, he would have been in no position to claim interest on the award; but, since the plaintiff succeeded in increasing the award, we must hold that the trial court properly applied the general rule, and allowed interest on the amount of the verdict from the date of the award. *West v. M., L. S. & W. R. Co.* 56 Wis. 318; *Uniacke v. C., M. & St. P. R. Co.* 67 Wis. 108. Such general rule is, of course, liable to be controlled by the circumstances of each particular case. *Ibid.* True, the verdict does not technically conform to the stipulation, but the defendant was not prejudiced by the variance.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied December, 17, 1895.