[Civ. No. 2200.   First Appellate District, Division One.—April 2, 1919.]

## RAUER'S LAW & COLLECTION CO. INC., Appellant, v. SHERIDAN PROCTOR CO., Respondent.

[1] JUDGMENTS — TENDER OF PAYMENT — DEPOSIT WITH CLERK — INTEREST—SATISFACTION.—A deposit with the clerk of the court of the amount of a judgment and notification to the judgment creditor that the same is there subject to its demand does not constitute a legal tender; and even if it did constitute a legal tender, it would be unavailing to satisfy the judgment where a small amount of interest on the judgment is not included.

[2] TENDER—AMOUNT.—Nothing short of the full amount due the creditor is sufficient to constitute a legal tender, and the debtor must at his peril offer the full amount.

[3] PLEADING—COUNTERCLAIM—RES JUDICATA.—In an action to recover the purchase price of certain personal property sold and delivered, the contention that one of the causes of action set up as a counterclaim had been adjudicated in a former action is not tenable, where such counterclaim, although pleaded in such former action, did not exist at the time of the commencement thereof, but matured some months later, and, therefore, was not adjudicated in that case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. Tomsky for Appellant.

W. H. Barrows for Respondent.

KERRIGAN, J.—This is an appeal by plaintiff from a judgment rendered in its favor for the sum of $49.32. The action was brought to recover $312.50 as the agreed price of certain personal property sold and delivered by the plaintiff's assignor, the Eastern Outfitting Company, to the defendant, Sheridan Proctor Company. In its answer, said defendant admitted the indebtedness pleaded in the complaint, but set up as a counterclaim a judgment in its favor against the plaintiff's assignor of $15, and a demand for $247, the price of storage of certain furniture.

The appeal presents but two questions. [1] As to the first of these it appears that prior to the commencement of this action the plaintiff, in an attempt to satisfy a former judgment of $15 in favor of the defendant, deposited that sum with the clerk of the court, notifying the defendant that the same was there subject to its demand. Such a deposit and notice alone certainly did not constitute a legal tender, and even if it had it would have been unavailing for the reason that a small sum for interest upon the judgment had accrued, which was not included in the amount deposited. [2] Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount. (38 Cyc. 137.)

[3] Respecting the other point, plaintiff asserts that the claim for storage constituting defendant's second cause of counterclaim had been adjudicated in a former action. It is true that this matter was pleaded by the defendant by way of a counterclaim in a former action between it and the plaintiff's assignor; but it also appears from the record that such counterclaim did not exist at the time that action was commenced, but that it matured some months later. It is apparent that it was not pressed in the first action for the simple reason that it was not an existing demand at the time the action was commenced. (Code Civ. Proc., sec. 438, subd. 2; *Wood* v. *Brush,* 72 Cal. 224, [13 Pac. 627] ; *McGuire* v. *Edsall,* 14 Mont. 359, [36 Pac. 453]), and therefore was not adjudicated in that case. Moreover, no evidence was introduced by the plaintiff in the present action that the subject of the

defendant's counterclaim was *res adjudicata,* the only refer-ence to it occurring in the cross-examination of a witness. In order to debar defendant's right to recover in this action on its counterclaim, it was necessary for the plaintiff to show that the matter had been theretofore adjudicated, which, as we have said, was not done.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.