[L. A. No. 14478. In Bank.—March 28, 1934.]

G. H. DEACON INVESTMENT COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Oliver O. Clark, Victor T. Watkins and David Fulwider for Petitioners.

Erwin P. Werner and Ray L. Chesebro, City Attorneys, Frederick von Schrader, Assistant City Attorney, Arthur W. Nordstrom and Arthur Loveland, Deputies City Attorney, Everett W. Mattoon, County Counsel, and Beach Vasey, Deputy County Counsel, for Respondents.

THE COURT.—After a further consideration of the questions involved in this proceeding, we find ourselves in accord with the conclusions reached by the District Court of Appeal in its opinion rendered therein and written by Mr. Presiding Justice Conrey. We have therefore incorporated the major portion of said opinion in our opinion, indicating the same by quotation marks, and have followed it with certain observations of our own. The complete opinion and decision of the court herein is as follows:

"Following the commencement of an action by the City of Los Angeles for the condemnation for public highway purposes of certain property of which the petitioners were the

owners, the city deposited with the court the sum of $4,243.84 as security to the owners for the payment to them of just compensation, etc., for the property proposed to be taken. This was done pursuant to an order obtained upon *ex parte* application made by the plaintiff, in accordance with the permission given by section 14 of article I of the Constitution of California. That section contains the following provisions, pertinent to the questions now before us in this case: 'Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner . . . ; *provided,* that in an action in eminent domain brought by the state, or a county, or a municipal corporation, . . . the aforesaid state or political subdivision thereof or district may take immediate possession and use of any right of way required for a public use whether the fee thereof or an easement therefor be sought upon first commencing eminent domain proceedings according to law in a court of competent jurisdiction and thereupon giving such security in the way of money deposited as the court in which such proceedings are pending may direct, and in such amounts as the court may determine to be reasonably adequate to secure to the owner of the property sought to be taken immediate payment of just compensation for such taking and any damage incident thereto, . . . as soon as the same can be ascertained according to law. The court may, upon motion of any party to said eminent domain proceedings, after such notice to the other parties as the court may prescribe, alter the amount of such security so required in such proceedings. . . . '

"Thus having paid into court said sum of $4,243.84, the city immediately took possession of said property. Thereafter and on the same day on which an interlocutory judgment was made and entered by which the value of the property and interest thereon was determined, the respondent court made its order by which the said city was directed to increase the amount of its deposit in said action in the additional sum of $75,750. Without complying with said order, the city filed its notice of appeal from the judgment. Thereupon, in pursuance of a hearing before the respondent court on an order to show cause why the City of Los Angeles and certain of its officers should not be held in contempt of court for their failure to comply with the order of

said court by which the said City of Los Angeles was so directed to increase the amount of its deposit in the action, the respondent court made the following order:

" 'In the above entitled cause defendants filed a petition and secured an order to show cause why plaintiff, its officers, agents and representatives should not be punished for contempt, for non-compliance with an order made by the Court herein on January 30th, 1933. The order·last above referred to required plaintiff to deposit with the County Clerk of Los Angeles County forthwith certain monies as an additional amount to secure the immediate payment to defendants as compensation for taking of their property. The plaintiff has not complied with the order. Upon making said deposit by plaintiff the defendants can immediately draw down said money, and there is no provision of law to recover same in the event a new trial is ordered on an appeal, and a lesser amount awarded. This practically prevents plaintiff from having an appeal from the awards made by the Court. It is not the intent or desire of the Court to prevent plaintiff proceeding with an appeal, and it appears to me unjustified to do so.

" 'Therefore, it is hereby ordered that plaintiff be, and hereby is, relieved of complying with the order of the court dated January 30th, 1933, requiring it to deposit certain monies with the Clerk of the Court, that it be purged of contempt and the petition dismissed.'

"Following the entry of this order the defendants in the action procured from this court its alternative writ of mandate by which the respondent court was directed to enforce its former order by which the said City of Los Angeles was required to increase the amount of its deposit in the action as aforesaid; or that respondent court appear and show cause why it has not enforced its said order. The writ was directed to all of the respondents named in the petition, including the city and certain of its officers; but it will be sufficient for us to consider, as our principal subject, the duty of respondent court.

██ "Respondents have replied both by demurrer to the petition and by answer. The facts alleged by petitioner are admitted, in all essential particulars. Therefore the case presents for decision the single question: On the facts as stated, does there rest upon respondent court a positive duty

to enforce the order requiring that said money be deposited in court as security for the owner?

"Referring to the provisions of the state Constitution, quoted above, we find that the city is given the privilege to take possession of the defendants' property in advance of actual payment therefor, only by first depositing in court such amount of money as the court has found to be 'reasonably adequate to secure to the owner of the property sought to be taken immediate payment of just compensation', etc., as soon as the same can be ascertained according to law. The court, by its order altering the amount of such security, has fixed and determined the amount of the deposit to be made. The right of the defendants, thus determined, is derived directly from the Constitution, and not from any allowance thereof by the court. It is the court's duty to determine the amount to be deposited, and to make its order accordingly. But the court is not vested with any discretionary authority to grant or withhold the security to which the defendants are entitled.

"The provisions of the statute in relation to the right of the plaintiff, in a condemnation case, to abandon the proceeding, have no relation to the present matter. The plaintiff here has not abandoned the proceeding. On the contrary, plaintiff has taken the property and has actually made the proposed improvement and opened it to public use. Whatever right of election it had, with respect to availing itself of the 'immediate possession' provisions of the Constitution, the plaintiff has exercised. There remains the absolute obligation, correlative with the owner's constitutional rights, to deposit in court the amount of money which has been determined to be the amount necessary to give adequate security."

As to the ultimate right of the city of Los Angeles to abandon said condemnation proceedings either before or after the final decree of condemnation, we express no opinion, as we do not consider that question is before us in this proceeding, and we expressly refrain from expressing any opinion relative thereto.

It has been suggested, as justification for the failure of plaintiff to deposit said money, that if it does make the deposit, the defendants will have a right to withdraw the money, and that their appeal from the judgment will be dis-

missed on the ground that it has become a "moot case". There is no merit in this suggestion. The deposit of money in court was made in compliance with the provisions of section 14 of article I of the Constitution. It is not subject to withdrawal either by the plaintiff or defendant in the condemnation proceeding until after the entry of the final decree of condemnation, and then only by order of the court in which it is deposited. The final decree of condemnation can be made only after the pending appeal of the. plaintiff in the condemnation case is disposed of. Plaintiff therein is, therefore, not prejudiced in any manner in its right of appeal therein, nor does any question become moot by reason of its compliance with said order of January 30, 1933. As to the status of money deposited in court under said section of the Constitution, see *Marblehead Land Co. v. Superior Court*, 60 Cal. App. 644, 652 [213 Pac. 718], where the court in discussion of that question said: "It is to be observed that, as a prerequisite to the making of an order for possession and use, the Constitution provides that the plaintiffs in a condemnation suit shall give 'such security in the way of money deposits as the court . . . may direct, and in such amounts as the court may determine to be reasonably adequate to secure to the owner . . . immediate payment of just compensation . . . as soon as the same can be ascertained according to law.' It is certain that, when such money deposits are made and the consequent order for possession and use follows, the court making the order has exclusive control of the money deposited. The cash is to be deposited merely as security for the immediate payment of compensation when the amount of compensation is ascertained. For the time being neither the plaintiff nor the defendant has any right to the possession of it and neither may exercise any control over it. If the compensation is not paid by the plaintiff to the defendant immediately, or perhaps within a reasonable time, after the amount to be paid is fully ascertained, then the court must make some order transmitting the money deposited from security into payment. That is, the cash must by appropriate order be turned over to the defendant. If the compensation be promptly paid by the plaintiff, then the court perforce must order the cash to be returned to the plaintiff." ■ The rule is entirely different where the plaintiff in a condemnation pro-

ceeding attempts to act under section 1254 of the Code of Civil Procedure and in pursuance of the terms of that section deposits money in court in order to secure possession of the property sought to be condemned. Under said section of the code, as expressly provided therein, the money deposited in court must under order of court be paid to the defendant upon his filing a satisfaction of the judgment. This difference between the provisions of the section of the Constitution and those of the code section renders the case of *Mt. Shasta Power Corp.* v. *Dennis,* 66 Cal. App. 186 [225 Pac. 877], relied upon by the respondents, readily distinguishable from the instant case. In that case the condemnor, a public service corporation, in pursuance of section 1254 of the Code of Civil Procedure, deposited in court the full amount of the judgment rendered against it in order that it might take possession of the property involved in said action. At the same time it attempted to appeal from said judgment. The court very properly held that as it had paid and satisfied the judgment in full, no appeal would lie therefrom and accordingly dismissed the appeal.

In our opinion it is the present duty of the city of Los Angeles to deposit in court the amount of the required security, and it is the present duty of the respondent court to enforce its order in the premises.

Let the peremptory writ issue.