[Civ. No. 17117.   First Dist., Div. Two.   Apr. 3, 1956.]

CALEDONIAN INSURANCE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; DON C. FALLOON, Real Party in Interest.

Long & Levit for Petitioner.

No appearance for Respondent.

Bernard Allard and Bruce R. Geernaert for Real Party in Interest.

DOOLING, J.—Petitioner issued to the real party in interest, Don C. Falloon, a policy of fire insurance. Falloon suffered a loss by fire and filed a proof of loss with petitioner. Petitioner gave notice to Falloon that it disagreed with the value of the property set forth in his proof of loss and demanded an appraisal in accordance with the following provision of the policy:

"13. *Appraisal.* If the Assured and the Company fail to agree as to the amount of loss, each shall, on the written demand of either, made within sixty (60) days after receipt of proof of loss by the Company, select a competent and disinterested appraiser, and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire, and failing for fifteen (15) days to agree upon such umpire, then, on the request of the Assured or the Company, such umpire shall be selected by a judge of a court of record in the state in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The Assured and the Company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire. The Company shall not be held to have waived any of its rights by any act relating to appraisal."

Falloon designated an appraiser to whom petitioner objected as not "disinterested" as required by the policy. The parties reached an impasse and no umpire was appointed within 15 days. Falloon filed a petition with the clerk of the Superior Court of Alameda County praying for the appointment of an umpire as provided in the quoted provision. Thereupon, without any notice to petitioner, an order was signed by a judge of said court appointing an umpire which order was regularly filed and entered in the office of the county clerk.

When a copy of this order was served on petitioner it appeared specially in the superior court to move that this order be vacated on the ground that without notice to petitioner the court was without jurisdiction to make the order. This motion was denied and petitioner filed its petition herein for a writ of prohibition to stay further action under said order.

In support of the action of the judge of the superior court

in making the order without notice it is argued that the provision above quoted does not call for judicial action but only for the personal action of any person who happens to hold any office of "judge of a court of record" in California. Thus it is argued that Falloon might have procured the selection of an umpire by any justice of the Supreme Court or of any District Court of Appeal, or by any judge of any superior court or of any municipal court in California. This construction would result in the conclusion that both parties could simultaneously each procure the designation of an umpire, without notice to the other, by a different person who held the office of judge of some court of record, with the attendant necessary confusion of two umpires, each designated by a person qualified to do so under the terms of the contract. Any court would hesitate to so construe the contract unless such construction was clearly compelled by its plain language. The more reasonable construction would seem to be that in calling for action by "a judge of a court of record" the contract intended a judicial order rather than a purely personal action.

█ This question need not here be decided, however, because by filing his petition in the Superior Court of Alameda County which was entitled "In the Superior Court of the State of California, etc.," was addressed "To the Honorable Superior Court of the State of California, in and for the County of Alameda," and prayed "that the above entitled Court appoint an umpire," the real party in interest elected to invoke the judicial action of the court rather than the personal action of some person who happened to hold the office of judge of a superior court. Having elected to invoke judicial action he thereby bound himself to follow established judicial procedure.

Whether the power to make such a judicial order as the real party in interest sought and obtained in this case is attributable to section 1283 of the Code of Civil Procedure which authorizes the superior court to appoint an umpire, where the agreement of the parties so provides and the parties fail to name an umpire in the manner provided in their agreement, "or for any other reason there shall be a lapse in the naming of an . . . umpire," or whether the court acted under its general equity powers in making such order, we are satisfied that to obtain jurisdiction of the person of petitioner herein notice of the petition for appointment of an umpire must be

given it. (*Frey & Horgan Corp.* v. *Superior Court*, 5 Cal.2d 401, 403-404 [55 P.2d 203].)

■ "The general rule is that notice of motion must be given whenever the order sought may affect the rights of an adverse party." (*McDonald* v. *Severy*, 6 Cal.2d 629, 631 [59 P.2d 98] ; *cf.* 2 Witkin, California Procedure, pp. 1641-1642.) That the order appointing an umpire affects the rights of petitioner is obvious. ■ Because the court is proceeding without the jurisdiction of the person of petitioner prohibition is a proper remedy. (*Frey & Horgan Corp.* v. *Superior Court, supra,* 5 Cal.2d at p. 402.)

Let the peremptory writ of prohibition issue to restrain all further proceedings under the order attacked.

Nourse, P. J., and Kaufman, J., concurred.