[Civ. No. 22681. Second Dist., Div. Three. June 19, 1958.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Respondent, v. ROLAND E. LOOP et al., Defendants; PHILIP L. WILSON et al., Appellants.

Stanley M. Arndt for Appellants.

George C. Hadley, R. B. Pegram and Thomas M. Dankert for Respondent.

VALLÉE, J.—Appeal by defendants from the interlocutory judgment and the final order of condemnation in a proceeding in eminent domain. The question is the amount of interest to which defendants are entitled.

The action was filed June 20, 1950. On February 1, 1951, plaintiff went into possession of the property sought to be condemned pursuant to an order therefor (Const., art. I, § 14) and has remained in possession ever since. The action was first tried in 1952, resulting in a jury verdict for $15,187.20. An interlocutory judgment was entered on July 7, 1952. On July 15, 1952, defendants served and filed notice of intention to move for a new trial. On July 16, 1952, plaintiff sent the county clerk this letter:

"Dear Sir:

"Pursuant to Judgment in Condemnation entered July 7, 1952, in Book 2406, Page 248 of Judgments, as to Parcels 5 and 5-A of the above-entitled proceeding, enclosed is Division of Highways Revolving Fund Account check No. 86807, made payable to you in the total amount of $18,311.71.

"Copy of this letter is being forwarded to Mr. Stanley M. Arndt, Attorney at Law, 535 Rowan Building, Los Angeles 13, California, in order that he will be advised that this deposit has been made for defendants' benefit.

"Very truly yours,

"P. O. HARDING, Assistant State Highway Engineer

"District VII, by H. W. Leonard, Metropolitan District Right of Way Agent."

The check, payable to the county clerk, was enclosed with the letter. A copy of the letter was mailed to the attorney for defendants on July 16, 1952, and received by him.

The check for $18,311.71 purported to represent:

(a) $15,187.20 (the value of Parcel 5-Amended as found by the jury);

(b) $1,522.01 (interest at 7 per cent on $15,187.20 from February 1, 1951 to July 16, 1952);

(c) $1,575.00 (the stipulated value of Parcel 5-A);

(d) costs of $27.50.

No motion was made by plaintiff and no order was made by the court under section 1254 of the Code of Civil Procedure with respect to the deposit of the $18,311.71.

The next day, July 17, 1952, a final order of condemnation was signed and entered. On September 12, 1952, defendants' motion for a new trial was denied. On September 29, 1952, defendants appealed from the interlocutory judgment and from the final order. On February 4, 1954, pursuant to stipulation of the parties, the $1,575 deposited for Parcel 5-A was withdrawn by defendants. On October 6, 1954, the interlocutory judgment and the final order as to Parcel 5-Amended were reversed. The reversal was unqualified and unconditional. (*People* v. *Loop*, 127 Cal.App.2d 786 [274 P.2d 885].)

On April 26, 1955, a written stipulation was entered into between the parties pursuant to which defendants withdrew from the county clerk $16,736.71, which was the remainder of the $18,311.71 deposited by plaintiff with the clerk on July 16, 1952. By the stipulation the parties agreed, and pursuant thereto the court ordered, that neither party would in anywise be prejudiced from asserting its respective contentions in regard either to the right to additional interest or that no further interest was due in connection with the deposit; and defendants stipulated that in no event would any further interest be charged upon the $15,187.20 included in the deposit from and after the date of withdrawal, April 26, 1955. The parties further stipulated that if the subsequent award should be "less than the amount so withdrawn then said defendants shall, upon said award becoming final, pay to said plaintiff within 30 days thereafter the difference between said amount so withdrawn and the amount of said subsequent award."

The cause was reset for trial, resulting in a verdict with respect to Parcel 5-Amended of $25,078.40. The verdict did

not include interest.[1] The difference between the amount of the prior award as to Parcel 5-Amended exclusive of interest and the verdict in the second trial was $9,891.20. Thereafter the court made findings of fact and conclusions of law. It concluded that at all times after July 17, 1952, the date the first final order of condemnation was entered, defendants were entitled under section 1254 of the Code of Civil Procedure to withdraw the $18,311.71 deposited with the county clerk by plaintiff on July 16, 1952; defendants are not entitled to any further interest on that sum; plaintiff is entitled to judgment on paying into court for defendants the $9,891.20 together with interest thereon at 7 per cent from February 1, 1951 to September 26, 1955, and from June 4, 1956, to date of deposit of that sum into court.[2] Accordingly, on October 30, 1956, an interlocutory judgment was entered. On November 8, 1956, defendants filed notice of intention to move for a new trial. On November 16, 1956, a final order of condemnation was entered. On December 18, 1956, the motion for a new trial was denied. Defendants appeal from the judgment and from the final order of condemnation.

Defendants contend they are entitled to interest on $15,-187.20, the amount of the deposit by plaintiff with the county clerk as to Parcel 5-Amended from July 16, 1952, the date of the deposit, to April 26, 1955, the date it was withdrawn, which interest the court disallowed. Plaintiff says the deposit was made under section 1254 of the Code of Civil Procedure and that it stopped the running of interest.

▮ Just compensation for the taking of private property for public use includes not only the market value of the property but also the actual cash value of the use of the property from the date of the taking possession thereof up to the date of the judgment if possession is taken by the condemner prior to judgment. (*Metropolitan Water Dist.* v. *Adams*, 16 Cal.2d 676, 680 [107 P.2d 618]; *County of Los Angeles Flood Control Dist.* v. *Hansen*, 48 Cal.App.2d 314, 316-318 [119 P.2d 734].) ▮ It is the rule in this state that interest at the legal rate on the value of the property

---

[1]The court instructed the jury: ''In arriving at your verdict you are not to include or add any sum as interest on the value of Parcel 5 based upon the plaintiff's possession of this parcel during the pendency of this proceeding. The matter of interest will be considered by the Court after you shall have returned your verdict, and is not for your determination.''

[2]Defendants waived interest for the period from September 26, 1955 to June 4, 1956 because of a continuance at their request.

sought to be condemned is the proper measure by which to ascertain the amount so to be added. (*Metropolitan Water Dist.* v. *Adams, supra,* 16 Cal.2d 676, 682.)

Section 1254 provides that at any time after trial and judgment entered or pending appeal, whenever the plaintiff shall have paid into court for the defendant "the full amount of the judgment" *and* such further sum "as may be required by the court" to pay (1) any further damages and costs and (2) all damages that may be sustained by the defendant if the property is not finally taken, the court may "upon notice of not less than 10 days" authorize the plaintiff if already in possession to continue therein. Section 1254 further provides, as an integral part thereof, that the defendant shall be entitled to receive the sum required by the court "at any time thereafter" on obtaining an order therefor; and that the court on application by the defendant shall order that the money "so paid into court for him" be delivered to him on his filing a satisfaction of the judgment, or on his filing a receipt therefor and an abandonment of all defenses to the proceeding except as to the amount of damages that he may be entitled to in the event a new trial is granted, and that "In ascertaining the amount to be paid into court, the court shall take care that the same be sufficient and adequate."[3]

---

[3]Section 1254 in relevant part reads: "At any time after trial and judgment entered or pending an appeal from the judgment to the Supreme Court, whenever the plaintiff shall have paid into court, for the defendant, the full amount of the judgment, and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in said proceeding, as well as all damages that may be sustained by the defendant, if, for any cause, the property shall not be finally taken for public use, the superior court in which the proceeding was tried may, upon notice of not less than 10 days, authorize the plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation, and may, if necessary, stay all actions and proceedings against the plaintiff on account thereof. . . . The defendant, who is entitled to the money paid into court for him upon any judgment, shall be entitled to demand and receive the same at any time thereafter upon obtaining an order therefor from the court. It shall be the duty of the court, or a judge thereof, upon application being made by such defendant, to order and direct that the money so paid into court for him be delivered to him upon his filing a satisfaction of the judgment, or upon his filing a receipt therefor, and an abandonment of all defenses to the action or proceeding, except as to the amount of damages that he may be entitled to in the event that a new trial shall be granted. A payment to a defendant, as aforesaid, shall be held to be an abandonment by such defendant of all defenses interposed by him, excepting his claim for greater compensation. In ascertaining the amount to be paid into court, the court shall take care that the same be sufficient and adequate."

■ The court specifically found and the record shows that no motion was made by plaintiff and no order was made by the court under section 1254 with respect to the deposit of the $18,311.71. Plaintiff did not at any time give defendants the notice prescribed by section 1254. The court did not at any time hold a hearing for the purpose of fixing, nor did it fix, the further sum in addition to the "full amount of the judgment" which plaintiff should be required to pay into court. No amount was ever fixed which defendants could apply for and obtain an order that it be delivered to them. In short, the deposit of the $18,311.71 with the county clerk was not made under or pursuant to section 1254, and that section has no application. The deposit was merely a voluntary tender of what purported to be but, as we shall see, was not in fact the "full amount of the judgment." The money did not vest in defendants by its mere deposit, as argued by plaintiff. It will be noted that section 1254 is extremely careful in safeguarding the rights of the landowner. ■ The full amount of the judgment is only one of the three factors which the court is required to determine as the amount which the plaintiff shall pay into court for the defendant. It requires the payment into court not only of the full amount of the judgment but also such sum as may be required by the court as a fund to pay "any further damages and costs that may be recovered" in the proceeding and "all damages that may be sustained by the defendant, if, for any cause the property shall not be finally taken for public use." And such payment must be made before the plaintiff may be authorized to continue in possession. ■ The damages contemplated are the enhanced damages which the defendant may recover on reversal and order for a new trial. (*Heilbron* v. *Superior Court*, 151 Cal. 271, 277 [90 P. 706].)

Plaintiff says section 1254 is silent as to who shall give notice; that there is nothing in the section saying to whom notice shall be given; and that the only purpose of notice is to apprise the condemnee of interference with possession. ■ Section 1254 requires notice and hearing. (*Housing Authority* v. *Superior Court*, 18 Cal.2d 336, 339 [115 P.2d 468].) ■ It would seem obvious to the most obtuse that the notice is to be given by the plaintiff, that it is to be given to the condemnee, and that its purpose is to enable the court to fix the sufficient and adequate further damages and costs and the damages should the property not be finally taken, and to permit the plaintiff to continue in possession. "After

appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given." (Code Civ. Proc., § 1014; see *Goetz* v. *Superior Court*, 49 Cal.2d 784 [322 P.2d 217].) The general rule is that notice of motion must be given whenever the order sought may affect the rights of an adverse party. (*Caledonian Ins. Co.* v. *Superior Court*, 140 Cal.App.2d 458, 461 [295 P.2d 49].)

Plaintiff lifts out of context that part of section 1254 which says the defendant shall be entitled to receive the money paid into court for him on any judgment on obtaining an order therefor from the court, and that it is the duty of the court to order it delivered to him on his filing a satisfaction of the judgment or a receipt therefor and an abandonment of all defenses except as to the amount of damages in the event a new trial is granted. This part of the section may not be read out of context. Section 1254 must be read as a whole. The money referred to is the amount determined by the court after notice and hearing which includes the "full amount of the judgment" plus such further sum as the court requires to pay any additional damages and costs that may be recovered and plus all damages that may be sustained by the defendant if the property is not finally taken. It is only after such determination that the defendant is entitled to receive the money paid into court for him under section 1254.

 The court erred in denying interest after July 15, 1952, on the first jury award of $15,187.20 for another reason: the deposit was insufficient. Plaintiff did not satisfy the judgment by paying $18,311.71 to the county clerk for the benefit of defendants. It appears that the deposit was not for the "full amount of the judgment." The deposit included $1,-522.01 interest for the period February 1, 1951 to July 16, 1952, on $15,187.20, the value of Parcel 5-Amended as found by the jury in the first trial. $1,522.01 is not the correct amount of interest on $15,187.20 from February 1, 1951 to July 16, 1952. The correct amount is $1,550.35.[4] Providing only partial compensation is not providing just com-

---

[4]Calculated by the usual method, interest at 7 per cent on $15,187.20 from February 1, 1951 to July 16, 1952 (one year, five months, and fifteen days) is:

| | |
|---|---|
| 1 year interest on $15,187.20 | $1,063.10 |
| 5 months (5/12 of $1,063.10) | 442.95 |
| 15 days (15/30 of 1/12 of $1,063.10) | 44.30 |
| | $1,550.35 |

pensation. The owner is not compelled to accept partial compensation. Where an obligation on which a tender is made carries interest, the amount tendered must be sufficient to cover the interest. (*United States* v. *Certain Lands in Borough of Brooklyn*, 2 Cir., 129 F.2d 577, 579; *In re Harlem River Drive*, 122 N.Y.S.2d 866, 868-869; 86 C.J.S. 563, § 8.)

 The deposit, which did not satisfy the judgment, did not, in any event, stop the running of interest. (*City of St. Louis* v. *Senter Commission Co.*, 343 Mo. 1075 [124 S.W.2d 1180, 1184], citing *Rauer's Law etc. Co.* v. *Sheridan Proctor Co.*, 40 Cal.App. 524 [181 P. 71].)

 A party who accepts the benefits of a judgment generally waives his right to appeal therefrom. (3 Cal.Jur.2d 596, § 134.) The rule is that "The right to accept the fruits of a judgment or order, and the right to appeal therefrom, are not concurrent, but are wholly inconsistent, and an election of either is a waiver or renunciation of the other." (*County of San Bernardino* v. *County of Riverside*, 135 Cal. 618, 620 [67 P. 1047]; *Schubert* v. *Reich*, 36 Cal.2d 298, 299 [223 P.2d 242].) The rule applies in any form of practice or procedure whereby the appeal might result in again putting in issue the right of the party in whose favor the judgment was rendered to the money received. (Anno: 169 A.L.R. 985, 989.)

 It is the general rule that a condemnee cannot accept payment of the damages awarded him in a proceeding in eminent domain and yet appeal claiming a larger sum if a reversal of the judgment would entail a general review of the damages de novo. (*United States* v. *Benedict*, 261 U.S. 294 [43 S.Ct. 357, 67 L.Ed. 662, 664]; *Twombly* v. *Chicago R. I. & T. Ry. Co.*, (Tex. Civ. App.) 31 S.W. 81, 82; *Mississippi & M. R. Co.* v. *Byington*, 14 Iowa 572, 574-575; *Glassburn* v. *Deer*, 143 Ind. 174 [41 N.E. 376, 379]; *Baltimore, O. & C. R. Co.* v. *Johnson*, 84 Ind. 420; 30 C.J.S. 23, § 345; 2 Am.Jur. 980, § 218; 18 Am.Jur. 1016, § 373; anno: 169 A.L.R. 996.)

 In *Pool* v. *Butler*, 141 Cal. 46 [74 P. 444], the condemnors deposited the amount of the interlocutory judgment with the clerk within 30 days after its entry. The condemnees did not accept the money but moved for a new trial and on its denial appealed and did not abandon all defenses except for greater compensation. The court said the condemnees could not demand or obtain the money until the appeal had been decided, and continued (p. 48):

"If they [the condemnees] had applied to the court for an

order directing the clerk to pay over the money, it could not have been granted pending the motion for a new trial, or at any time after the appeal was taken until the judgment was affirmed or the appeal dismissed. The court had no power to make the requisite order for the payment of the money, the judgment having been suspended by the appeal, which was a refusal to accept the money, or to treat the judgment as a final determination of the rights of the parties, though it was in form final. . . .

"[P. 49.] Pending the motion for a new trial, and later, pending the appeal, it is clear that plaintiffs were not bound to pay or deposit the damages assessed upon the trial; and it is equally clear by the motion and the appeal that the defendants refused to accept payment, at least until they had exhausted all their resources to defeat the condemnation, and during all that time the plaintiffs had the right to abandon the enterprise and refuse to pay the compensation assessed by the court. It is contended, however, that having deposited the money with the clerk of the court, they [the condemners] could not withdraw it, and that upon the affirmance of the appeal the defendants were entitled to receive it. I think plaintiffs had the right to abandon at any time before the defendants were willing to receive it, or were in a position to demand it."

At bar, defendants filed notice of intention to move for a new trial the day before the deposit was made.

*Donegan* v. *City of Los Angeles*, 109 Cal.App. 673 [293 P. 912], states (p. 685): "In 10 Ruling Case Law, page 209, we find the rule as to accepting awards in eminent domain proceedings worded as follows: 'Where, however, a land owner accepts a sum awarded to him as damages in condemnation proceedings, he is estopped from taking and prosecuting an appeal from the award.' "

In *People* v. *Goodsell*, 24 Cal.App.2d 538 [75 P.2d 545], the condemnor in possession from the filing of the proceeding paid the amount of the award as fixed by the interlocutory judgment and a few extra dollars to the clerk of the court. The amount of the award with interest from the date of the judgment was paid to the defendant and received and accepted by her from the clerk of the court. Thereupon the defendant gave notice of appeal from that part of the judgment which failed to order the payment of interest to her from and after the date on which plaintiff took possession of the property. The court stated (p. 540):

"When, therefore, the defendant consented to accept a judgment in that specific sum, she must be deemed to have waived her claim for interest. (*Conlin* v. *Southern Pac. R. Co.*, 40 Cal.App. 743, 747 [182 P. 71].) It is an accepted rule that when a party consents to and acquiesces in a judgment as entered, and thereafter accepts and retains the fruits of the judgment, which would not have been entered but for his acquiescence, he may not attack that judgment on appeal."

In *Mt. Shasta Power Corp.* v. *Dennis*, 66 Cal.App. 186, [225 P. 877], judgment of condemnation was entered on September 22, 1922. The same day the condemner filed notice of intention to move for a new trial. On September 29, 1922, the condemner paid into court for the condemnees the amount of the judgment and costs and filed a written statement saying that by so doing it did so without prejudice and without waiving its right to prosecute its motion for a new trial or its right to appeal. On October 9, 1922, the money deposited by the condemner was, on order of the court, paid to the condemnees. On October 20, 1922, the condemnees filed a satisfaction of the judgment. On October 23, 1922, on motion of the condemner, an order was made authorizing it to take possession of the property on depositing an additional $3,000; the condemner deposited the $3,000 and took possession. On December 18, 1922 the motion for a new trial was denied. On January 6, 1923, the condemner filed its notice of appeal. Dismissing the appeal on motion of the condemnees the court stated (p. 190):

"Plaintiff had the option of paying the damages awarded and taking possession or appealing from the judgment and remaining out of possession until the final determination of the compensation to be paid. . . . [P. 191.] The fact that a party may find it more profitable to comply with a judgment and accept the fruits thereof than to suffer the losses incident to an appeal cannot be said to render such compliance compulsory. The necessities of the plaintiff and its intention in making payment and taking possession, however, are not decisive of the case. In taking possession, the plaintiff was exercising a statutory right and the effect of its acts must be measured by the provisions of the statute. In taking the fruits of the judgment under the authority of the statute, the plaintiff could not impose conditions upon defendants' acceptance of the money paid which are not provided by the statute. It is not perceived that the plaintiff's attempt to limit the effect of its payment and entry is material. Its statement, in con-

nection with the payment of the money into court, that the same was deposited 'without prejudice to . . . its right to appeal from said judgment' is of no value in determining the question of its right to appeal, a right which is wholly dependent upon the statute. Ordinarily the voluntary compliance with a judgment and the acceptance of the fruits thereof by a party are inconsistent with a right of appeal by such party. . . . The constitution (art. I, § 14) provides: 'Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner.' Such compensation 'is not paid into court *for him* until he can take it.' " (See *G. H. Deacon Inv. Co.* v. *Superior Court*, 220 Cal. 392, 398 [31 P.2d 372]; *Estate of Ayers*, 175 Cal. 187 [165 P. 528].)

The reversal on the first appeal was unqualified and unconditional without further order or direction. All issues in the case including the question of compensation were set at large. ██ The effect of an unqualified reversal is to remand the cause for a new trial; the parties in the trial court have the same rights which they originally had; the cause is at large for readjudication of all issues involved in the case; it is in the same position as if it had never been tried, with the exception that the opinion of the court on appeal must be followed as far as applicable. (*Hall* v. *Superior Court*, 45 Cal. 2d 377, 381 [289 P.2d 431]; *Weightman* v. *Hadley*, 138 Cal. App.2d 831, 835-840 [292 P.2d 909].) ██ The benefits of the judgment and order from which defendants appealed were put in jeopardy by the appeal. On the new trial following the reversal, the compensation awarded might well have been less than that found by the jury at the first trial, and defendants under their stipulation would have been required to pay plaintiff the difference between the lesser award and the amount withdrawn. Defendants could not take the deposit without giving up their right to appeal and thus surrendering the possibility of an increased award. In that situation the courts hold that interest continues to run.[5]

[5]See *Neilson* v. *Chicago & N. W. Ry. Co.*, 91 Wis. 557 [64 N.W. 849, 850]; *A. Gettelman Brewing Co.* v. *City of Milwaukee*, 245 Wis. 9 [13 N.W.2d 541, 548]; *Hayes* v. *Chicago R. I. & P. R. Co.*, 239 Iowa 149 [30 N.W.2d 743]; *Beal* v. *Iowa State Highway Com.*, 209 Iowa 1308 [230 N.W. 302, 303]; *Miller* v. *City of Scottsbluff*, 155 Neb. 185 [50 N.W.2d 824]; *Alloway* v. *City of Nashville*, 88 Tenn. 510 [13 S.W. 123, 127, 8 L.R.A. 123]; *Miltimore* v. *City of Augusta*, 140 Kan. 520 [38 P.2d 675, 679]; *Missouri River, Ft. S. & G. R. Co.* v. *Owen*, 8 Kan. 274, 280; *Moll* v. *Sanitary Dist. of Chicago*, 228 Ill. 633 [81 N.E. 1147, 1148]; *Schnull* v. *Indianapolis U. Ry. Co.*, 190 Ind. 572 [131 N.E. 51, 54];

What we have said is fatal to plaintiff's contention that the deposit stopped the running of interest. *Vallejo etc. R. R. Co.* v. *Reed Orchard Co.*, 177 Cal. 249 [170 P. 426], and *City of Los Angeles* v. *Oliver*, 110 Cal.App. 248 [294 P. 760],[6] cited by plaintiff, are not in point. Those cases and this one are materially different. In them the money was paid into court for the benefit of the condemnee pursuant to the provisions of section 1254 on an order of court. *Los Angeles etc. Ry. Co.* v. *Rumpp,* 104 Cal. 20 [37 P. 859], also cited by plaintiff, is factually not apposite. In that case the condemner paid the damages into court, the condemnee received the money and filed an abandonment of all defenses to the action except her claim for greater compensation. The condemner then took possession. Authorities from other jurisdictions cited by plaintiff are of no value in view of the requirements of section 1254.

Defendants also assert the final order of condemnation entered November 16, 1956, was prematurely signed and entered and that it was erroneous.[7] The point is good. "The plaintiff must, within thirty days after *final judgment,* pay the sum of money assessed." (Code Civ. Proc., § 1251. Emphasis added.) "The term 'judgment' as used in this title means the judgment determining the right to condemn and fixing the amount of compensation to be paid by the plaintiff. The term 'final judgment' as used in this title means such judgment when all possibility of direct attack thereon by way of appeal, motion for a new trial, or motion to vacate the judgment has been exhausted." (Code Civ. Proc., § 1264.7.) It is only after payment is made as provided in section 1251 that the final order of condemnation may be rendered unless the parties agree otherwise; a copy of the order must be filed in the office of the recorder of the county, "and thereupon the property described therein shall vest in the plaintiff." (Code Civ. Proc., § 1253.) As we have seen, the interest on the $15,187.20 had not been deposited into court or paid to defendants. Further, the interlocutory judgment entered October 30, 1956, decreed that plaintiff pay into court for the benefit of defendants $9,891.20 and interest thereon at 7 per cent from February 1, 1951 to September 26, 1955, and from

*State* v. *Hamer,* 211 Ind. 570 [199 N.E. 589, 595]; *Parks* v. *Dallas Terminal Ry. & Union Depot Co.,* 34 Tex. Civ. App. 341 [78 S.W. 533, 534]; *Housing Authority* v. *Dixon,* (Tex. Civ. App.) 250 S.W.2d 636, 637-638; 18 Am.Jur. 916, § 276.

[6]See *City of Los Angeles* v. *Oliver,* 102 Cal.App. 299 [283 P. 298].

[7]The final order was presented to and signed by the presiding judge, not the judge who tried the case, without notice to defendants.

June 4, 1956 to date of the deposit. On November 5, 1956, plaintiff deposited $13,404.34 into court: $9,891.20 the amount of the verdict, $54.70 costs, and $3,458.44 interest. The final order of condemnation was signed and filed the same day. Interest at 7 per cent on $9,891.20 from February 1, 1951, to September 26, 1955, and from June 4, 1956 to November 5, 1956, is $3,511.92,[8] not $3,458.44. The deposit should have been $13,457.82.[9] Thus, at the time the final order was entered on November 16, 1956, the interlocutory judgment had not been complied with and was not final. (*Southern Public Utility Dist.* v. *Silva,* 47 Cal.2d 163, 165 [301 P.2d 841].)

The interlocutory judgment of condemnation entered October 30, 1956, titled "Judgment in Condemnation," and the final order of condemnation entered November 16, 1956, are reversed; and the superior court is directed to amend its findings of fact and conclusions of law and render a judgment of condemnation in conformity to the views expressed in this opinion.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied July 14, 1958, and respondent's petition for a hearing by the Supreme Court was denied August 13, 1958. Traynor, J., was of the opinion that the petition should be granted.

---

[8]Calculation of interest on $9,891.20 is as follows:

February 1, 1951 to September 26, 1955 is 4 years, 7 months, 25 days:

| | | |
|---|---|---|
| 1 year ....................$692.38 | | |
| 4 years .................... | $2,769.52 | |
| 1 month .................. | 57.70 | |
| 7 months ................. | 403.90 | |
| 25 days ................... | 48.08 | |
| | | $3,221.50 |

June 4, 1956 to November 5, 1956 is 5 months, 1 day:

| | | |
|---|---|---|
| 5 months ...........................$ 288.50 | | |
| 1 day ............................... | 1.92 | |
| | | $ 290.42 |
| | | $3,511.92 |

[9]Principal ...........................................$ 9,891.20

Interest thereon from February 1, 1951 to September 26, 1955 ............................................... 3,221.50

Interest on $9,891.20 from June 4, 1956 to November 5, 1956 (date of deposit) ..................................... 290.42

Costs ............................................... 54.70

$13,457.82